**Russell BOWLES, Jr., Defendant–Appellant,**

**v.**

**STATE of Indiana, Plaintiff–Appellee.**

**No. 49S00–9908–CR–443.**

Supreme Court of Indiana.

Nov. 3, 2000.

Kevin C.C. Wild, Indianapolis, IN, Attorney for Appellant.

Jeffrey Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice

The defendant, Russell Bowles, Jr., was convicted of eight counts of child molesting [1] involving two minor victims occurring over a period of twenty months in 1995 and 1996. We affirm, rejecting the defendant's claims of insufficient evidence, erroneous exclusion of evidence, improper closing argument, and erroneous admission of sentencing hearing evidence.

### Sufficiency of the Evidence

The defendant asserts two claims of insufficient evidence. He first contends that his convictions were based on the inherently unreliable testimony of the two girls who were molested.

In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the

---

1. IND.CODE § 35–42–4–3.

judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000); *Webster v. State*, 699 N.E.2d 266, 268 (Ind.1998); *Hodge v. State*, 688 N.E.2d 1246, 1247–48 (Ind.1997). A victim's testimony, even if uncorroborated, is ordinarily sufficient to sustain a conviction for child molesting. *Brooks v. State*, 560 N.E.2d 49, 53 (Ind.1990); *Downey v. State*, 726 N.E.2d 794, 796 (Ind.Ct.App.2000), *trans. denied; Spurlock v. State*, 718 N.E.2d 773, 777 (Ind.Ct.App.1999), *trans. denied.* When confronted with testimony that is inherently improbable or coerced, equivocal, wholly uncorroborated or of incredible dubiosity, we may make an exception and reweigh the credibility of a witness. *Tillman v. State*, 642 N.E.2d 221, 223 (Ind. 1994). We have limited this exception, however, to cases where a sole witness presents inherently contradictory testimony that is equivocal or the result of coercion, and there is a complete lack of circumstantial evidence of guilt. *White v. State*, 706 N.E.2d 1078, 1079–80 (Ind.1999).

■ The two victims were sisters, who lived with their parents in the defendant's home. When they testified at trial, one was fourteen and the other twelve. The charged molestations occurred when they were ages nine, ten, and eleven. Urging that their testimony was inherently improbable, the defendant points to evidence that the girls had a bad reputation for truthfulness; that it was unlikely that the girls were ever alone; that the defendant's house (where the molestations occurred) was constantly frequented by unannounced visitors; that his practice was to keep the children, those in the household (including the victims) and those visiting, together as a group; that the separate, private incidents described by the two girls were strikingly similar; that their accusations immediately followed a fight between the defendant and their parents; and that their testimony contained inconsistencies.

Both girls testified to specific instances of molestation by the defendant, and maintained their positions on direct and cross-examination. Their testimony did not reflect material inconsistencies. It was not inherently contradictory. The defendant's claims are matters of weight and credibility, a determination best left for the jury. We decline to find that the victims' testimony was insufficient to support the defendant's convictions.

■ The defendant further claims that there was insufficient evidence of his intent to arouse, the element required to make three of the convictions class C felonies. The statute provides:

> A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the .sexual desires of either the child or the older person, commits child molesting, a Class C felony.

IND.CODE § 35–42–4–3. Mere touching alone is not sufficient to constitute the crime of child molesting. *Clark v. State*, 695 N.E.2d 999, 1002 (Ind.Ct.App.1998), *trans. denied; Nuerge v. State*, 677 N.E.2d 1043, 1048 (Ind.Ct.App.1997), *trans. denied.* The State must also prove beyond a reasonable doubt that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. *Clark*, 695 N.E.2d at 1002. The intent element of child molesting may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points. *Id.*

■ Both girls testified that the defendant performed intentional sexual acts on them. The defendant performed oral sex on the girls, fondled their breasts, rubbed his genitals on theirs, and had one girl squeeze his penis. Record at 310, 317, 362–63. From these acts the jury could

infer that the defendant intended sexual arousal. Considering the facts favorable to the judgment, we find that a reasonable jury could find the intent element proven beyond a reasonable doubt.

## Exclusion of Evidence

The defendant first contends that the trial court erred in sustaining the State's objections to testimony from the girls' great aunt regarding the girls' reputation for honesty in the community.

At trial, when asked if she had ever discussed with other people the reputation for telling the truth of one of the girls, H.B., the witness stated: "I've talked, we've talked about it, a few of my friends has talked about it, you know." Record at 447. Upon further questioning, she said that these friends knew H.B., that they lived in the witness's community, and that the witness had known them "for some time." *Id.* When the defense then asked the witness regarding her opinion about H.B.'s reputation for telling the truth, the prosecutor objected, stating: "I don't believe this meets the correct standard for reputation for truthfulness in the community." *Id.* The defense replied: "Well, that's her community." *Id.* The trial court commented upon the lack of an adequate foundation and sustained the objection.

■ Under limited circumstances, the credibility of a witness may be attacked by opinion or reputation evidence. Ind. Evidence Rule 608(a). Our Court of Appeals has discussed the nature of the communities from which admissible reputation evidence may be drawn:

> [E]vidence of reputation for veracity should not necessarily be limited to that within the person's community of residence, but should include any community or society in which he or she has a well-known or established reputation. That reputation must be a general reputation, held by an identifiable group of people who have an adequate basis upon which to form an opinion, and the wit-

ness testifying to reputation must have sufficient contact with that community or society to qualify as knowledgeable of the general reputation of the person whose character is attacked or supported.

*Dynes v. Dynes,* 637 N.E.2d 1321, 1323 (Ind.Ct.App.1994), *trans. denied.* Considering the sparse information provided regarding the nature of the community, the basis for a reputation opinion, and the extent of the witness's contact with the community, the trial court was well within its discretion in sustaining the objection.

■ The defendant also claims the trial court erred in excluding the testimony of C.W., an acquaintance of the victims. During the defendant's case, he sought to call C.W. to testify regarding prior remarks by one of the victims, A.D., who had testified during the State's case in chief. These prior remarks, however, were not mentioned during A.D.'s testimony. The trial court excluded the proposed testimony. In an offer to prove, C.W., age sixteen, testified that A.D. had stated that, during the school "Good Touch Bad Touch" program, A.D. had raised her hand and said that she had been touched by someone, although she didn't mention any names. C.W. further testified that, after A.D. learned that C.W. would be attending a similar program the next week, A.D. said to C.W., "Why don't you say that you've been touched," to which C.W. replied, "Well, why should I lie?" Record at 469. The trial court reaffirmed its ruling excluding the evidence.

On appeal, the defendant argues that this testimony indicates A.D.'s "disregard for the truth and lack of comprehension for the seriousness of alleging molestation." Brief of Appellant at 13. He asserts that it would have disclosed prior conduct by A.D. that was inconsistent with her testimony that she was telling the truth. In view of the lack of material content in A.D.'s prior remarks in the proffered testimony of C.W., we conclude

that the trial court did not abuse its discretion in excluding the evidence.

### Closing Argument

The defendant contends that the trial judge erred in allowing the prosecution to read a highly prejudicial, inflammatory, and irrelevant poem to the jury during its final closing argument. The State argues that this was nothing more than an innovative alternate form of zealous argument.

 At a bench conference at the conclusion of the evidence, the prosecution advised the court of its intention to use a poem in rebuttal closing argument. The poem was then reviewed by the trial court and defense counsel, who objected on grounds that the poem was highly prejudicial and not supported by the evidence. The trial court overruled the defendant's objection. The poem was about a cockroach, who demoralizes and pesters the writer into insanity. At the end of the poem, the writer looks toward the future when she will be strong enough to triumph over the cockroach. The prosecutor drew the analogy of the poem to this case with the defendant as the cockroach and the victims as the writer.

 Conduct during final argument is a matter within the sound discretion of the trial court, and a conviction will not be reversed unless there has been a clear abuse of discretion resulting in prejudice to the accused. *Hill v. State*, 517 N.E.2d 784, 786 (Ind.1988). We decline to find that the trial court abused its discretion in permitting the argument.

### Admission of Sentencing Hearing Evidence

The defendant contends that the trial court erred when it admitted into evidence at the sentencing hearing a statement by a victim from a prior conviction of the defendant.[2]

 To constitute grounds for reversal, an error in the admission of evidence must be "inconsistent with substantial justice." Ind. Trial Rule 61. A reviewing court must disregard any error "which does not affect the substantial rights of the parties." *Id.* When, as here, a trial court relies upon aggravating circumstances to enhance the presumptive sentence, it must identify all significant circumstances, state the specific reasons why the circumstance is aggravating or mitigating, and articulate the court's evaluation and balancing of the circumstances. IND.CODE § 35–38–1–3; *Bonds v. State*, 729 N.E.2d 1002, 1005 (Ind.2000). This requirement insures that only proper matters are considered. *Hammons v. State*, 493 N.E.2d 1250, 1254 (Ind.1986).

 In this case, the trial court expansively articulated these factors at sentencing. Record at 619–24. Although it recited the defendant's extensive criminal history, the court did not rely upon or refer to any information contained in the challenged statement from the prior victim. We conclude that the alleged error did not affect the defendant's substantial rights.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

2. The defendant also claims error in the admission at sentencing of evidence that the defendant was the father of a child born to a female who was underage when the child was conceived. At trial, the defendant objected only to State's Exhibit 1, the report of the DNA analysis. He did not object to testimony providing the out of court statements of the underage female. He argues that, because the DNA report was not provided in advance, he had insufficient time to examine or challenge its validity or accuracy. This claim is without merit because the trial court sustained the defendant's objection to the DNA exhibit. Record at 609.