**David HAUN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–0210–CR–330.

Court of Appeals of Indiana.

July 24, 2003.

Paul D. Stanko, Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, David Haun (Haun), appeals his conviction for child molesting, a Class C felony, Ind.Code § 35–42–4–3.

We affirm.

### ISSUES

Haun raises two issues on appeal, which we restate as follows:

1.   Whether the evidence was sufficient to support his conviction for child molestation; and

2.   Whether the trial court properly sentenced Haun.

### FACTS AND PROCEDURAL HISTORY

During the summer of 2000, ten-year-old K.T. frequently visited her cousin, J.F., at J.F.'s home, where they would swim in the pool and play video games. J.F.'s mother, Nancy Farley (Nancy), was married to Haun at that time, and Haun also lived at the house. Approximately fifteen times when K.T. visited the Haun's home, Haun hugged her and pressed his private parts against hers and moved his hips. At times, Haun did this action in the pool and sometimes in the kitchen of the house. At other times, Haun performed this action with K.T. while they were alone and other times while her cousins were in the near vicinity. During one visit that summer, in which K.T. was spending the night, Haun

had K.T. lay on top of him while he moved his hips and pressed his private parts against her private parts for about five minutes. During the summer of 2000, K.T. did not tell anyone about Haun's actions.

In March 2001, K.T. was at home with her parents when the topic of police officers came up in conversation. At that time, Haun was a Hobart police officer. In the course of the conversation, K.T. made a comment about her uncle Haun loving her "in a bad way." (Appellant's App. p. 104).

On April 19, 2001, Haun was charged by indictment with two counts of child molesting, Class C felonies, I.C. § 35–42–4–3. From June 17 through June 21, 2002, a jury trial was held. On June 21, 2002, the jury found Haun not guilty of Count I and guilty of Count II.

On August 7, 2002, a sentencing hearing was held. At the hearing, the trial court entered the following sentencing order:

> The State of Indiana appears by Deputy Prosecuting Attorney John Burke. The defendant appears in person with Attorney Paul Stanko.
>
> The defendant having been found guilty by a jury on June 21, 2002 of Count II, Child Molesting, a Class C felony, and cause being submitted for sentencing, arguments are now heard.
>
> The Court, having considered the written presentence investigation report, now finds as follows:
>
> **AGGRAVATING CIRCUMSTANCES:**
>
> 1. [Haun] was in a position of trust with the victim.
>
> **MITIGATING CIRCUMSTANCES:**
>
> 1. [Haun] has *(sic.)* history of criminal activities.
>
> 2. [Haun] has no record of criminal convictions.
>
> After considering the above factors, the Court now sentences [Haun] on the conviction of Count II, Child Molesting, a Class C felony, to a term of three (3) years in the Indiana Department of Correction.
>
> [Haun] is granted four (4) days of credit toward service of sentence as time spent in confinement awaiting disposition of the herein cause, and the court recommends that said time be treated as good time credit as provided by law.
>
> The Court advises the defendant of his rights to appeal under C.R. 11.
>
> [Haun] is ordered to register with the proper local law enforcement authorities as a sex offender, pursuant to I.C. 5–2–12–5.
>
> Court costs are imposed. Pursuant to I.C. 33–19–6–12, [Haun] is assessed a child abuse fee of Two Hundred Dollars ($200.00). After payment of court costs and the child abuse fee, the bond is ordered released. The clerk is directed to show this cause as disposed.

(Appellant's App. pp. 73–4).

Haun now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Sufficiency of Evidence*

■ First, Haun contends that the evidence introduced at trial was insufficient to support his conviction for child molesting, a Class C felony. He contends that the State failed to prove all of the elements of child molesting beyond a reasonable doubt. Specifically, Haun maintains that the only evidence presented came from K.T., whose testimony was incredibly dubious.

■ Our standard of review for sufficiency claims is well settled. In reviewing sufficiency of the evidence claims, this

court does not reweigh the evidence or assess the credibility of witnesses. *Cox v. State*, 774 N.E.2d 1025, 1028–29 (Ind.Ct. App.2002). We consider only the evidence most favorable to the judgment, together with all reasonable and logical inferences that can be drawn therefrom. *Alspach v. State*, 755 N.E.2d 209, 210 (Ind.Ct.App. 2001), *trans. denied.* The conviction will be affirmed if there is substantial evidence of probative value to support the conclusion of the trier of fact. *Cox*, 774 N.E.2d at 1028–29. Moreover, a victim's testimony, even if uncorroborated, is ordinarily sufficient to sustain a conviction for child molesting. *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind.2000).

▪ Indiana Code section 35–42–4–3(b), in pertinent part, provides:

> A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

Our supreme court has previously held that mere touching alone is not sufficient to constitute the crime of child molesting. *Bowles*, 737 N.E.2d at 1152 (quoting *Clark v. State*, 695 N.E.2d 999, 1002 (Ind.Ct.App. 1998), *trans. denied.*) The State must also prove beyond a reasonable doubt that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. *Clark*, 695 N.E.2d at 1002. The intent element of child molesting may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points. *Bowles*, 737 N.E.2d at 1152.

Here, K.T. testified that Haun performed intentional sexual acts on her. In particular, the record reveals that on several occasions Haun hugged K.T. and pressed his private area against hers and moved his hips back and forth. K.T. testified that Haun's private area or private part was his penis and her private area or private part was her vagina. The record also reflects that during the summer of 2000, Haun continued to do this to K.T. about fifteen times and that it made her feel scared and uncomfortable. Further, K.T. testified that one night when she spent the night at Haun's home, he instructed K.T. to come into his bedroom, where he told her to lay on top of him while he moved his hips up and down for about five minutes. Again, K.T. could feel Haun's private parts pressing against hers. From these acts, we find that the jury could reasonably infer that Haun intended sexual arousal.

Nevertheless, Haun argues that K.T.'s testimony was incredibly dubious. However, the application of the incredible dubiosity rule is rare and the standard to apply is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *See Love v. State*, 761 N.E.2d 806, 810 (Ind.2002). When confronted with testimony that is inherently improbable or coerced, equivocal, wholly uncorroborated or of incredible dubiosity, we may make an exception and reweigh the credibility of a witness. *Tillman v. State*, 642 N.E.2d 221, 223 (Ind. 1994). We have limited this exception, however, to cases where a sole witness presents inherently contradictory testimony that is equivocal or the result of coercion, and there is a complete lack of circumstantial evidence of guilt. *White v. State*, 706 N.E.2d 1078, 1079–80.

Urging that her testimony was inherently improbable, Haun points to K.T.'s testimony when questioned on cross-examination. Haun maintains that K.T.'s recollection of the number of times that Haun touched K.T. was miscalculated. Specifi-

cally, Haun claims that based upon K.T.'s calculations, Haun would have had to fondle her every time that she went into the Haun's pool that summer. As a result, Haun contends that K.T's testimony "does not add up." (Appellant's Br. p. 9). However, we find that K.T.'s testimony was not inherently contradictory. The record contains testimony from K.H., Haun's son. K.H. testified that he knew K.T. was in the pool at least ten times when he was there and she was probably there more when he was not in the pool. Additionally, J.F. testified that K.T. was probably in the pool between twenty to twenty-five times during the summer of 2000.

Furthermore, the record reveals that other witnesses corroborated K.T.'s testimony. For example, K.T.'s parents, Laura and Ralph, both testified that K.T. told them that Haun loved her "in a bad way," and had her lay on him while Haun moved his hips. (Tr. pp. 152–54, 160, 177–78, 181–82). The record also reflects that K.T. told her father, Ralph, that Haun would move his hips into her when they where in the pool and sometimes in the kitchen when no one else was around. Laura, K.T.'s mother, further testified that she took K.T. to Haun's home a few times each week in June and July of 2000. Thus, Haun's conviction does not rest solely on K.T.'s testimony.

Additionally, Haun attempts to argue that K.T.'s testimony on cross-examination was aided by pretrial preparation. However, the record is devoid of evidence to indicate that K.T.'s testimony was coerced or incredible due to pretrial preparation. Therefore, we find that this argument is without merit.

With the above in mind, the jury could have reasonably inferred that Haun touched K.T. with the intent to arouse or to satisfy his sexual desires. *See* I.C. § 35–42–4–3. Accordingly, we find that sufficient evidence was presented for the jury to find beyond a reasonable doubt that Haun committed child molesting as a Class C felony.

## II. *Inappropriate Sentence* [1]

■ Lastly, Haun argues that he was improperly sentenced. Specifically, Haun contends that the trial court did not give sufficient weight to substantial mitigating circumstances. As a result, Haun asserts that the three-year sentence imposed by the trial court is inappropriate.

■ A sentence, which is authorized by statute, will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Rodriguez v. State*, 785 N.E.2d 1169, 1174 (Ind.Ct.App. 2003). When considering the appropriateness of the sentence for the crime committed, courts should initially focus upon the presumptive sentence. *Rodriguez*, 785 N.E.2d at 1179. Trial courts may then consider deviation from the presumptive sentence based upon a balancing of the factors, which must be considered pursuant to I.C. § 35–38–1–7.1(a) together with any discretionary aggravating and mitigating factors found to exist. *Id.*

In the present case, Haun received three years for his conviction. The presumptive sentence for a Class C felony is four years, with not more than four years added for aggravating circumstances, and not more than two years subtracted for mitigating

---

1. On July 19, 2002, our Supreme Court amended Appellate Rule 7(B) effective January 1, 2003. The rule is directed to the reviewing court and is made as of the date the decision or opinion is handed down. Accordingly, although the sentence here was imposed prior to January 1, 2003, our review has taken place as of this date and the "inappropriate" test is therefore applied.

circumstances. *See* I.C. § 35–50–2–6(a). In support of its sentence, the trial court noted the following as an aggravating factor: "[Haun] was in a position of trust with the victim." (Appellant's App. p. 73). Additionally, the trial court stated the following as mitigating circumstances: "1. [Haun] has (*sic.*) history of criminal activities. 2. [Haun] has no record of criminal activities." (Appellant's App. p. 73). Haun now attempts to claim that the trial court failed to take into account a significant mitigating circumstance. Specifically, Haun maintains that the trial court failed to consider the hardship imposed on his dependents by his incarceration.

■ However, we have previously held that the trial court is not required to find mitigating factors or to accept as mitigating the circumstances proffered by the defendant. *Powell v. State*, 751 N.E.2d 311, 317 (Ind.Ct.App.2001). Specifically, the trial court is not required to find that a defendant's incarceration would result in undue hardship upon his dependents. *See Allen v. State*, 743 N.E.2d 1222, 1237 (Ind. Ct.App.2001), *reh'g denied, trans. denied.* Only when the trial court fails to find a significant mitigator that is clearly supported by the record is there a reasonable belief that it was overlooked. *Kien v. State*, 782 N.E.2d 398, 415 (Ind.Ct.App. 2003). In the instant case, the trial court did not mention the hardship on Haun's dependents due to his incarceration. However, the trial court was not required to find that Haun's incarceration would result in undue hardship. *See Allen*, 743 N.E.2d at 1237. Therefore, we find that the trial court properly declined to attach any significant weight to this proffered mitigating circumstance. *See Powell*, 751 N.E.2d at 317; *See also, Allen*, 743 N.E.2d at 1237.

With this in mind, it is our determination that the trial court did not abuse its discretion in sentencing Haun. *See Rodriguez*, 785 N.E.2d at 1174. Here, the trial court properly demonstrated that significant mitigating circumstances existed to reduce Haun's sentence. Thus, Haun's sentence was reduced from the presumptive sentence of four years to three years. *See* I.C. § 35–50–2–6(a). Therefore, the trial court properly evaluated Haun's aggravating and proffered mitigating circumstances when it imposed a reduced sentence.

■ Nevertheless, Haun claims that his sentence is inappropriate given the substantial number of mitigating circumstances that the trial court found. When reviewing whether a defendant was properly sentenced, we consider whether the sentence is appropriate considering the "nature of the offense" and the "character of the offender." *See* App. R. 7(B); *See also Rodriguez*, 785 N.E.2d at 1174. In considering the "nature of the offense," the maximum enhancement permitted by law should be reserved for the very worst offenses and offenders. *See Borton v. State*, 759 N.E.2d 641, 648 (Ind.Ct.App.2001).

As set forth above, the trial court found one aggravating factor: that Haun was in a position of trust with the victim; and the trial court found two mitigating factors: that Haun has no history of criminal activities and that Haun has no record of criminal activities. Here, the trial court started at the presumptive sentence of four years; however, after weighing the one aggravating factor against the two mitigating factors, the trial court reduced Haun's sentence to three years. *See Lander v. State*, 762 N.E.2d 1208, 1214–15 (Ind.2002) (the presumptive sentence is meant to be the starting point for the trial court's considering of the sentence that is appropriate for the crime committed). Thus, taking into consideration the nature of the offense and the balancing of the mitigating and aggra-

vating factors, it is apparent that the trial court properly reduced Haun's sentence from the presumptive sentence of four years to a sentence of three years. Although the mitigating factors seem to outweigh the aggravating factors, we find that, because of the nature of the offense, Haun's sentence was appropriately reduced by one year. Accordingly, we find that the sentence imposed by the trial court was appropriate. *See* App. R. 7(B).

In addition to reviewing the traditional balancing of aggravating and mitigating circumstances, we review the sentence to assure that it is constitutionally proportionate to the "character of the offender." *Borton,* 759 N.E.2d at 648; App. 7(B). This court is mindful of the principle that "the maximum sentence enhancement permitted by law should be reserved for the very worst offenses and offenders." *Id.* The record reflects that Haun had no history and no record of criminal activity. The trial court appropriately considered the character of the offender. However, given the nature of the offense, the trial court was justified in sentencing Haun to three years at the Indiana Department of Correction. Thus, we find that the sentence imposed by the trial court was appropriate, given the nature of the offense and the character of the offender. *See* App. R. 7(B). Therefore, after due consideration of the trial court's decision, we find that Haun's sentence was appropriate in light of the nature of the offense and the character of the offender. *See* App. R. 7(B); *See Rodriguez,* 785 N.E.2d at 1174.

### CONCLUSION

Based on the foregoing, we conclude that there was sufficient evidence to convict Haun of child molesting, a Class C felony. Further, we find that the trial court properly evaluated Haun's aggrava-

ting and mitigating circumstances and, therefore, the sentence was appropriate.

Affirmed.

BARNES, J., concurs.

SHARPNACK, J., concurs in result.