**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL P. QUIRK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RYAN N. MYERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1104-CR-378 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Thomas A. Cannon, Jr., Judge
Cause No. 18C05-1002-FA-7

**January 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Ryan Myers appeals from the denial of his motion to withdraw his guilty plea to Child Molesting[1] as a class A felony. Myers presents the following issue for our review: Did the trial court abuse its discretion by denying Myers's request to withdraw his guilty plea?

We affirm.

The factual basis supporting Myers's guilty plea reveals that in January of 2010, Myers, who was thirty-one years old, had sexual intercourse with the thirteen-year-old daughter of his girlfriend. The State charged Myers with three counts of class A felony child molesting, one count of class D felony dissemination of matter harmful to a minor, and an habitual offender count. In May of 2010, the State extended a plea agreement to Myers. The terms of the plea agreement were that in exchange for Myers pleading guilty to one count of child molesting as a class A felony, the State agreed to dismiss the remaining charges under that cause number and all pending charges under another cause number. Sentencing was left to the discretion of the trial court.

Myers and the State were in plea negotiations for the next six months. On November 30, 2010, the State extended the same plea offer to Myers, with the additional provision that the executed portion of his sentence would be capped at thirty years. The plea offer was good through noon that day because the jury venire was set for December 3, 2010, with the jury trial date set for January 6, 2011. The State also disclosed a statement given by Myers's fellow jail mate, Terry Shaw, which included admissions by Myers that he had sexual intercourse with his girlfriend's daughter, that he had tried to persuade her to change her testimony, and that he attempted to physically hurt his girlfriend. Myers, who had his GED,

---

[1] Ind. Code § 35-42-4-3 (West, Westlaw current through 2011 1st Reg. Sess.).

2

had an extensive juvenile history, and prior adult criminal convictions, discussed the plea offer with his attorney and also discussed the State's disclosure of Shaw's statement. Myers consulted with his father by telephone about the plea agreement, and they discussed Shaw's written statement, which Myers's father had seen the previous evening. Myers signed the plea agreement and it was filed with the trial court the same day.

The trial court held a guilty plea hearing on December 2, 2010. During that hearing, Myers signed two additional plea agreements to finalize the terms of the plea. Myers indicated that he understood his constitutional rights, that he was not being forced or threatened to plead guilty, that his decision to plead guilty was his alone, and that he was satisfied with the representation of counsel. Myers then admitted that he had sexual intercourse with his girlfriend's daughter and that he knew she was thirteen years old. The trial court took Myers's plea under advisement. At some point after the guilty plea, the prosecutor told Myers's counsel that he probably would not have used Shaw's testimony at trial.

In late February, Myers filed a verified motion to withdraw his guilty plea, and asserted that he signed the plea under duress because of the short deadline. During the hearing on Myers's motion, he testified that he was influenced by the existence of Shaw's statement and felt pressured to sign the plea agreement because his attorney told him that he was facing a sentencing exposure of 180 years. The trial court denied Myers's motion, finding that Myers pleaded guilty knowingly and voluntarily, that there was no evidence that Shaw would not have testified at trial, and that Myers's counsel did not over-state Myers's potential sentence, the maximum of which was 180 years.

At Myers's sentencing hearing, Myers once again tried to convince the trial court to reject his guilty plea, this time by protesting his innocence. The trial court repeated for the record that Myers's guilty plea was knowingly and voluntarily made, Myers knew what he was doing, Myers was thirty-one years old with experience in the criminal justice system, the State does not always call all of the witnesses disclosed on its witness list, and that the terms of the plea agreement were quite favorable to Myers. The trial court then accepted the plea agreement and sentenced Myers to a term of thirty years executed. Myers now appeals.

Myers claims that the trial court abused its discretion by denying his motion to withdraw his guilty plea. After a guilty plea is entered, but before a sentence is imposed, a defendant may move to withdraw his guilty plea for any fair and just reasons unless the State has been substantially prejudiced by its reliance upon the plea. Ind. Code Ann. § 35-35-1-4(b) (West, Westlaw current through 2011 1st Reg. Sess.); *Brightman v. State*, 758 N.E.2d 41 (Ind. 2001). A defendant must prove by a preponderance of the evidence that the withdrawal is necessary to correct a manifest injustice. I.C. § 35-35-1-4(b).

The trial court's ruling on a motion to withdraw guilty plea "arrives in this Court with a presumption in favor of the ruling." *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995). We will reverse the trial court's ruling where the trial court has abused its discretion. *Coomer v. State*, 652 N.E.2d 60. In conducting our analysis we examine the statements made by the defendant at his guilty plea hearing to determine whether the plea was offered freely and knowingly. *Id*. A trial court cannot accept a guilty plea from a defendant who pleads guilty and maintains his innocence at the same time. *Johnson v. State*, 734 N.E.2d 242 (Ind. 2000).

4

On the other hand, a trial court may accept a guilty plea from a defendant who pleads guilty in open court, but later protests his innocence. *Id.*

Myers was thirty-one years old at the time of his guilty plea, had obtained his GED, and had accumulated vast criminal-justice experience. Eight criminal proceedings were pursued against Myers and resulted in four felony convictions and five misdemeanor convictions. Myers entered pleas of guilty in all eight prior criminal proceedings. Myers was informed of his constitutional rights and indicated that he understood those rights. Myers confirmed his signature on the terms of his guilty plea and on all three versions of the plea agreement, and indicated that he had consulted with counsel. During the plea hearing, Myers stated that he was not forced or threatened to plead guilty and was not doing so out of fear. Myers claimed that his decision to plead guilty was his decision alone and that he was satisfied by the representation of his trial counsel. Myers then established a factual basis for class A felony child molesting by testifying under oath that he had engaged in sexual intercourse with his girlfriend's thirteen-year-old daughter. At no time during the guilty plea hearing did Myers express reluctance to pleading guilty per the terms of the plea agreement.

Myers asserts that the trial court abused its discretion by disallowing him to withdraw his guilty plea arguing that he was pressured into pleading guilty by time constraints and the threat of the use of Shaw's statement as evidence against him. The record establishes, however, that the base plea involving one count of child molesting had been pending for six months. Myers's counsel successfully negotiated a sentencing cap of thirty years on any time ordered to be served. That provision was in the final offer, an offer Myers discussed with his attorney and Myers's father, who was familiar with the evidence against Myers. Myers

signed the plea offer and two days later signed two more versions of the plea agreement. The record supports the trial court's conclusion that Myers's decision to plead guilty was made knowingly and voluntarily and was not a product of the alleged time constraint.

Shaw's testimony, had the State chosen to call him as a witness, was admissible in that it contained a statement by a party opponent under Ind. Evid. Rule 801(d)(2)(A). Myers admitted to Shaw that he had engaged in sexual intercourse with his girlfriend's thirteen-year-old daughter. There was no allegation below or here on appeal that the State committed a discovery violation. Further, the State is free to choose which witnesses it will call and what evidence it will use. Myers's allegation of error in this regard fails.

Myers did not protest his innocence until the date of the sentencing hearing, three months after his guilty plea. Myers failed to advance that argument in either of his motions to withdraw his guilty plea prior to that hearing. The trial court did not abuse its discretion by rejecting Myers's argument.

Myers argues that the trial court abused its discretion by failing to allow him to withdraw his guilty plea because there was no "objective evidence" against him. *Appellant's Brief* at 18. In other words, he argues that the State's case rested solely on the testimony of the victim. "A victim's testimony, even if uncorroborated, is ordinarily sufficient to sustain a conviction for child molesting." *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind. 2000). That said, Myers was aware that there was no physical evidence to corroborate the victim's testimony, yet he nonetheless chose to plead guilty. The relevant inquiry here on review is not the sufficiency of the State's case, but whether the defendant has met his burden of proving that his plea was not knowing or voluntary, and that the plea must be withdrawn for

fair and just reasons to prevent a manifest injustice. Myers has failed to meet his burden. The trial court did not abuse its discretion by deciding not to allow Myers to withdraw his guilty plea.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.