**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**SEAN P. HILGENDORF**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Mar 06 2013, 8:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LEONARD BEATY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1107-CR-384 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable R.W. Chamblee, Jr., Judge
Cause No. 71D08-0911-FA-52

**March 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Leonard Beaty appeals his three convictions for class A felony child molesting, arguing that the evidence is insufficient. In reviewing a claim of insufficient evidence, we do not reweigh the evidence or judge the credibility of witnesses, and we consider only the evidence that supports the verdict and the reasonable inferences arising therefrom. *Krebs v. State*, 816 N.E.2d 469, 471 (Ind. Ct. App. 2004). We "will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002). "A victim's testimony, even if uncorroborated, is ordinarily sufficient to sustain a conviction for child molesting." *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind. 2000).

The State charged Beaty with having sexual intercourse with his stepdaughter, M.P., during three separate time periods: on or between August 1, 2008, and March 1, 2009; on or between March 2 and March 31, 2009; and on or between April 1 and July 1, 2009.[1] Beaty argues that the evidence is insufficient to establish that he had sex with M.P. and that he had sex with M.P. during all three time periods.

Our review of the record reveals that M.P. testified to the following. Beaty began having sex with her shortly after her eleventh birthday on July 2, 2008. Beaty had sex with her before her first period in November 2008 and continued to have sex with her after she began her period. Beaty had sex with her at home and at a Motel 6. Beaty bought her a pregnancy test, which indicated that she was pregnant. Beaty had sex with her three times a

---

[1] Beaty was convicted pursuant to Indiana Code Section 35-42-4-3, which provides in relevant part that a person at least twenty-one years of age who performs sexual intercourse with a child under fourteen years of age commits class A felony child molesting

week until she learned that she was pregnant and continued to have sex with her after she learned that she was pregnant, although it was less frequent. Sometime after M.P. learned that she was pregnant, M.P.'s mother began to suspect that M.P. was pregnant. In July 2009, after M.P. turned twelve, M.P.'s mother took her to the pediatrician for a pregnancy test, and M.P. told her mother that Beaty had sex with her. Beaty stopped having sex with M.P. a couple of days before she went with her mother to the pediatrician. M.P.'s testimony is sufficient by itself to sustain Beaty's convictions. *See id.*

In addition, the State presented evidence of DNA testing that showed that there was a 99.998% probability that Beaty was the father of M.P.'s aborted fetus. Tr. at 197. The doctor who performed M.P.'s abortion on August 1, 2009, testified that M.P. was twenty-one to twenty-two weeks pregnant at the time of the procedure, which corroborates M.P.'s testimony that Beaty was having sex with her in either the first or second time frame. Beaty's argument is merely an invitation to reweigh the evidence and judge witness credibility, which we will not do. We conclude that there is sufficient evidence to sustain Beaty's three convictions for class A felony child molesting.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.