## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 19 2018, 10:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. Buehler
Warsaw, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry Lee Shaw,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 19, 2018

Court of Appeals Case No.
18A-CR-741

Appeal from the Kosciusko
Superior Court

The Honorable David C. Cates,
Judge

Trial Court Cause No.
43D01-1608-F4-512

**Altice, Judge.**

## Case Summary

[1] Following a bifurcated jury trial, Terry Lee Shaw was convicted of Level 4 felony child molesting and found to be a habitual offender. The trial court sentenced him to six years in prison for child molesting, enhanced by eighteen years for being a habitual offender. Additionally, the trial court found Shaw to be a credit restricted felon. Shaw presents three issues on appeal:

    1) Did the State present sufficient evidence to support the conviction for child molesting?

    2) Is Shaw's aggregate sentence of twenty-four years in prison inappropriate?

    3) Did the trial court err in designating Shaw as a credit restricted felon?

[2] We affirm in part, reverse in part, and remand.

## Facts & Procedural History

[3] In July 2016, Shaw was staying in a three-bedroom trailer with his girlfriend Diana at the Jellystone Campground in Kosciusko County. Also living in the trailer were Diana's daughter Brittany and Brittany's husband and four children, including eleven-year-old M.F. In addition to being Diana's boyfriend, Shaw was Brittany's paternal uncle.

[4] On the evening of July 16, 2016, Diana, Shaw, M.F., and one of the other children were all on a sectional in the trailer watching a movie. Eventually, all but Shaw and M.F. fell asleep. Shaw was lying next to M.F., who was covered

with a blanket. Shaw placed his hand inside M.F.'s jean shorts and under her underwear. Shaw moved his hand all the way down to M.F.'s "hoo", which is the term that M.F. uses for the "area down there on the body" inside her underwear. *Transcript* at 96. Shaw left his hand there for a couple minutes without saying anything. M.F. was scared and nervous but managed to get up and go into her room.

[5] The next day, a Friday, Shaw warned M.F. that if she told anyone, he would hurt her and her family. He also said that her grandmother, Diana, would be mad and would hate her. M.F. stayed quiet that day.

[6] On Saturday, July 18, Diana and Shaw had an unrelated disagreement, and Diana ended the relationship and asked Shaw to leave. Brittany gave Shaw a ride to a nearby gas station where another individual was going to pick him up. Brittany and Shaw parted on good terms and spoke about staying in touch.

[7] In the meantime, Diana remained with the children. They drove a golf cart around the campground as they often did. At one point, all the children jumped off the golf cart to play but M.F. remained with Diana, which was unusual for M.F. M.F. started to cry and told Diana what had happened with Shaw. Diana then called Brittany in hysterics. M.F.'s parents quickly came to console and talk with M.F. and then called the police. That same day, an investigating officer called Shaw and scheduled an interview. Shaw did not show up for the interview. Shaw, however, called Brittany and warned: "You

better watch your f***ing mouth and who you talk to.  You can come up missing and be a dead girl." *Id.* at 170.

[8]     On August 3, 2016, the State charged Shaw with Level 4 felony child molesting.  Thereafter, the State filed a habitual offender enhancement.  Shaw's three-day jury trial commenced on February 6, 2018.  The jury found Shaw guilty as charged of child molesting and, in the second phase of trial, found him to be a habitual offender.  On March 1, 2018, the trial court sentenced Shaw to six years on the child molesting conviction, enhanced by eighteen years pursuant to the habitual offender adjudication.  In its sentencing order, the trial court found that Shaw was a credit restricted felon.  Shaw now appeals.

## Discussion & Decision

### 1.  Sufficiency

[9]     Shaw initially challenges the sufficiency of the evidence.  Specifically, Shaw contends that the evidence was insufficient to establish that his touching of M.F. inside her shorts and underwear was done with the intent to arouse or satisfy either his or M.F.'s sexual desires.[1]

---

[1] To convict Shaw of Level 4 felony child molesting, the State was required to prove beyond a reasonable doubt that Shaw knowingly or intentionally touched or fondled M.F., when M.F. was under the age of fourteen, with the intent to arouse or to satisfy the sexual desires of either M.F. or himself.  *See* Ind. Code § 35-42-4-3(b); *Amphonephong v. State*, 32 N.E.3d 825, 832-33 (Ind. Ct. App. 2015).  Shaw challenges only the intent to arouse element on appeal.

When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the conviction. *Id*. We will affirm if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id*.

The act of touching must be accompanied by specific intent to arouse or satisfy sexual desires, which "may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points." *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind. 2000). Moreover, there is no requirement that the touching be of the child's breasts or genitals. *Bass v. State*, 947 N.E.2d 456, 460 (Ind. Ct. App. 2011) (under the circumstances, sufficient evidence presented that defendant's touching of child's entire back and sides was done with intent to arouse or satisfy defendant's own sexual desires), *trans. denied*; *see also Altes v. State*, 822 N.E.2d 1116, 1121-22 (Ind. Ct. App. 2005) (intent sufficiently established where defendant rubbed victim's feet with his hands and then moved to her legs and then to her bottom inside her underwear), *trans. denied*. I.C. § 35-42-4-3(b) "requires merely touching with intent to arouse or satisfy sexual desires." *Bass*, 947 N.E.2d at 460.

Here, the evidence establishes that while lying next to M.F. on the couch, Shaw put his hand under M.F.'s blanket and then inside the eleven-year old's shorts and underwear, touching her bare skin. M.F. testified that Shaw reached his

hand all the way down to her "hoo" and kept it there for a few minutes before M.F., scared and nervous, stood up and went into her room. The next day, Shaw warned M.F. to keep quiet or he would hurt her and her family.

It is of no moment whether M.F.'s reference to "hoo" meant her vagina or some other part of her body down inside her underwear. We agree with the State that the circumstances presented here do not allow for any benign excuse or purpose. Shaw's prolonged placement of his hand inside M.F.'s shorts and underwear allowed the jury to reasonably infer that he intended sexual arousal by his actions that night. *See Altes*, 822 N.E.2d at 1121-22 ("a factfinder could reasonably infer that this touching is close enough to the female genitals as to constitute the source of sexual gratification").

## 2. Inappropriate Sentence

Next, Shaw challenges the aggregate sentence of twenty-four years imposed by the trial court. In his rather brief argument on this issue, Shaw contends that the sentence is inappropriate in light of the nature of the offense and his character.

Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence

is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[16] It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original). Further, Shaw bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[17] Here, the trial court imposed the advisory sentence of six years for Shaw's Level 4 felony conviction. *See* Ind. Code § 35-50-2-5.5 (sentencing range for a Level 4 felony is between two and twelve years, with an advisory sentence of six years). With regard to the habitual offender enhancement, the trial court had the statutory authority to add an additional fixed term of between six and twenty years. *See* I.C. § 35-50-2-8(i)(1). The trial court chose to enhance the sentence by eighteen years.

[18] With respect to his character, Shaw acknowledges his significant criminal history that consists of four misdemeanor convictions (invasion of privacy (2000), disorderly conduct (2000), contributing to the delinquency of a minor (2000), and intimidation (2005)) and four felony convictions (Class B felony arson (2007), Class C felony robbery (2010), Class D felony escape (2013), and Level 5 felony conspiracy to commit insurance fraud (2017)).[2] Additionally, Shaw violated home detention in 2011 and has numerous other arrests and charges in Florida and Indiana that resulted in dismissals or have unknown dispositions. As the State aptly puts it, Shaw's character as reflected by his criminal history is abysmal. On appeal, Shaw offers no contrary argument regarding his character or positive character traits.

[19] With respect to the nature of the offense, Shaw argues that his molestation of M.F. was not particularly egregious. This is reflected in the trial court's imposition of the advisory sentence for this crime. His real complaint seems to be with the eighteen years imposed for being a habitual offender, two years shy of the maximum enhancement. This enhancement was based on two of his prior felony convictions – Class B felony arson and Class C felony robbery. These felonies were particularly serious, especially the arson, and beyond that necessary to establish him as a habitual offender. *See* I.C. § 35-50-2-2(b) (requiring two prior unrelated felonies, at least one of which is not a Level 6 felony or Class D felony). In sum, we conclude that Shaw has not established

---

[2] The arson and robbery convictions served as the basis of the habitual offender enhancement.

that his twenty-four-year sentence is inappropriate in light of his character and the nature of his offense.

### 3. Credit Restricted Felon

[20] The State acknowledges that the trial court erroneously designated Shaw as a credit restricted felon. The trial court found him to be a credit restricted felon under Ind. Code § 35-31.5-2-72(1), which so designates a defendant who is convicted of child molesting involving sexual intercourse or "other sexual conduct" if the offense is committed by a person at least twenty-one years of age and the victim is less than twelve years of age. Because Shaw was convicted of "fondling or touching" under (b) of the child molesting statute - I.C. § 35-42-4-3 – and not "sexual intercourse or other sexual conduct" under subsection (a), Shaw cannot be designated as a credit restricted felon. *See McCoy v. State*, 96 N.E.3d 95, 100-02 (Ind. Ct. App. 2018). Therefore, on remand, the trial court is directed to remove this designation and notify the Department of Correction.

[21] Judgment affirmed in part, reversed in part, and remanded.

Brown, J. and Tavitas, J., concur.