## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 7:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
McKown, Whitehurst & Myers, LLP
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert L. Yates
Angela Sanchez
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ricky L. Burnett, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | January 31, 2020 <br><br> Court of Appeals Case No. 19A-CR-1770 <br><br> Appeal from the Huntington Circuit Court <br><br> The Honorable Davin G. Smith, Judge <br><br> Trial Court Cause No. 35C01-1808-F1-174 |

**Mathias, Judge.**

[1] Following a jury trial in Huntington Circuit Court, Ricky L. Burnett ("Burnett") was convicted of one count of Level 1 felony child molesting and

four counts of Level 4 felony child molesting. Burnett appeals and presents one issue, which we restate as whether the State presented sufficient evidence to support Burnett's conviction for Level 4 felony child molesting as to one of the victims.

[2] We affirm.

## Facts and Procedural History

[3] From April 2016 until November 2017, Burnett and his three children lived with P.K., who was then engaged to Burnett. Also living at the home were P.K.'s three younger children: daughter S.W., born in June 2005; daughter A.V., born in October 2008, and son C.V., born in May 2010.[1] From April to November 2016, the family lived on Olinger Street in Huntington, Indiana, and from December 2016 to November 2017, they lived on Warren Road in Huntington.

[4] P.K.'s youngest child, C.V., has a learning disability and an individualized education plan at school. The younger daughter, A.V., was a stellar student. The older daughter, S.W., did well at school when she was younger, but began to struggle when the family moved to the Olinger Street house, and did even worse after the move to the Warren Road house. She became isolated and

---

[1] The two older children live with their father out of state.

apathetic, and failed to turn in her school assignments, resulting in failing grades. She eventually became suicidal and received counseling.

[5] Burnett and P.K. broke up in November 2017, after which P.K. and her children moved into an apartment. One night shortly after the breakup, P.K. drove her family to a nearby town for church. During the drive, S.W. exhibited signs of serious stress and began to sob uncontrollably. S.W. then told her mother that Burnett had molested her during the time they lived with him. P.K. reported this to the police, and after speaking with the police and personnel from the Indiana Department of Family Services ("DCS"), P.K. took her children to a child advocacy center to undergo forensic interviews. After the interviews, S.W. and C.V. were examined by a sexual assault nurse.

[6] On August 9, 2018, the State charged Burnett with six counts of Level 1 felony child molesting and five counts of Level 4 felony child molesting. Two of the Level 1 felony charges and three of the Level 4 felony charges named S.W. as the victim; four of the Level 1 felony charges and two of the Level 4 felony charges named C.V. as the victim.

[7] A jury trial was held on June 25 and 26, 2019. At trial, S.W. testified that, at least twice a week when they lived on Olinger Street, Burnett insisted on bathing S.W., and touched her breasts, buttocks, and her genitals. Burnett placed his finger insider S.W.'s genitals, forced her to perform oral sex on him, and forced her to manipulate his penis until he ejaculated. When they moved to Warren Road, Burnett watched S.W. bathe while he masturbated. Burnett

threatened to kill S.W.'s mother if she reported the molestation. C.V. testified that Burnett held him down and rubbed C.V.'s penis in an up and down motion. Both S.W. and A.V. testified that they observed Burnett touching C.V.'s penis. At the conclusion of the trial, the jury found Burnett guilty of one count of Level 1 felony child molesting involving S.W., three counts of Level 4 felony child molesting involving S.W., and one count of Level 4 felony child molesting involving C.V. The trial court sentenced Burnett to an aggregate term of forty-nine years, with forty-five years executed and four years suspended to probation. Burnett now appeals.

## Discussion and Decision

[8] Burnett claims that the State failed to present evidence sufficient to support his conviction for Level 4 felony child molesting against C.V. Upon review of a challenge to the sufficiency of the evidence to support a criminal conviction, we respect the jury's exclusive province to weigh conflicting evidence. *Miller v. State*, 106 N.E.3d 1067, 1073 (Ind. Ct. App. 2018) (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)), *trans. denied*. We therefore neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* Instead, we consider only the probative evidence and reasonable inferences supporting the verdict. *Id.* "Expressed another way, we have stated that appellate courts must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.* (quoting *McHenry*, 820 N.E.2d at 126).

[9]     Burnett challenges only the sufficiency of the evidence supporting his conviction for Level 4 felony child molesting against C.V. This charge was set forth in Count 11 of the charging information as follows:

> On or about December of 2016 through November of 2017, in Huntington County, Indiana, Ricky Lee Burnett, performed fondling and/or touching of a child with the intent to arouse or satisfy his own sexual desires or the sexual desires of the child, when the child was under fourteen (14) years of age, to wit: a male child with the initials C.V.

Appellant's App. p. 30. This tracks the statutory language, which defines Level 4 felony child molesting as "perform[ing] or submit[ting] to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person[.]" Ind. Code § 35-42-4-3(b).

[10]    Burnett argues that the State failed to prove that he touched C.V. with the intent to arouse or satisfy the sexual desires of either Burnett or C.V. "Mere touching alone is not sufficient to constitute the crime of child molesting." *Bowles v. State,* 737 N.E.2d 1150, 1152 (Ind. 2000). The State must also prove that the touching was accompanied by the intent to arouse or satisfy sexual desires. *Id.* "The intent element of child molesting may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points." *Id.* Indeed, the "[i]ntentional touching of the genital area can be circumstantial evidence of intent to arouse or satisfy sexual desires." *See Sanchez v. State,* 675 N.E.2d 306, 311 (Ind. 1996).

[11] Here, the jury could reasonably infer that Burnett, by touching C.V.'s penis in an up-and-down motion, intended to arouse or gratify his or C.V.'s sexual desires. *See Rose v. State*, 36 N.E.3d 1055, 1062–63 (Ind. Ct. App. 2015) (evidence sufficient to establish defendant's intent to arouse or gratify his or victim's sexual desires by touching the victim's breast underneath her shirt); *Lockhart v. State*, 671 N.E.2d 893, 903 (Ind. Ct. App. 1996) (evidence sufficient to establish defendant's intent to arouse or gratify his sexual desires when he rubbed victim's penis for approximately five minutes). We therefore affirm Burnett's conviction for Level 4 felony child molesting against C.V.

[12] Affirmed.

Kirsch, J., and Bailey, J., concur.