## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Aug 24 2016, 10:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Philip R. Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Pace,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 24, 2016

Court of Appeals Case No.
71A04-1604-CR-844

Appeal from the St. Joseph Superior
Court.
The Honorable Elizabeth A.
Hardtke, Judge.
Cause No. 71D05-1508-CM-3156

**Barteau, Senior Judge**

# Statement of the Case

David Pace appeals from his conviction after a bench trial of one count of Class A misdemeanor criminal trespass,[1] contending that there is insufficient evidence to support his conviction. We affirm.

# Issue

The sole issue presented in this appeal is whether there is sufficient evidence to support Pace's conviction.

# Facts and Procedural History

Jason Pfledderer owned a house at 1401 Randolph Street in South Bend, Indiana. Pfledderer entered into a one-year lease with Pace and Pace's brother on June 2, 2014. Pfledderer personally prepared the lease which was written to go into effect on June 1, 2014. The terms of the lease included the payment of monthly rent of $550, which was due the first day of each month. Pace paid rent to Pfledderer in June 2014.

When the July 1, 2014 rent came due, but had not been paid, Pfledderer went to the property to see if Pace and his brother were still living there. Pfledderer observed that Pace's property remained in the house.

---

[1] Ind. Code § 35-43-2-2(b)(1) (2014).

[5] On July 7, 2014, Pfledderer filed a petition to evict Pace and Pace's brother from the property. The small claims court granted Pfledderer's petition on July 17, 2014. Officer Ron Lula of the St. Joseph County Sheriff's Department served Pace with the Prejudgment Order of Possession of Real Property, which gave Pace and his brother until midnight on July 22, 2014 to vacate the property.

[6] On July 23, 2014, Pfledderer changed the locks on the property and secured the side door with screws. Pfledderer did not give Pace permission to enter the property to retrieve his belongings after the locks were changed and had no contact with him until July 25, 2014. On that date, Officer Ernesto Ramirez of the South Bend Police Department responded to a call at the property. When he knocked on the door, Pace answered the door and allowed Officer Ramirez and other officers to enter the residence.

[7] Officer Ramirez asked Pace if he had received a copy of the Prejudgment Order of Possession of Real Property. Pace's brother handed a copy of the order to the officer. Sometime later, when Pfledderer arrived at the property, he saw police officers inside the residence speaking with Pace and Pace's brother. Pfledderer noticed that the back window was unlocked and the screws had been removed from the side door.

[8] The officers arrested Pace and Pace's brother at the scene. At the time of his arrest, Pace's personal possessions had not been packed. Pfledderer had to pack the items in order to clean out the residence. Pace admitted that he was aware

that he had been ordered not to be in the property after midnight on July 22, 2014.

[9]    The State charged Pace with criminal trespass as a Class A misdemeanor on August 26, 2015.  Pace's bench trial was held on March 11, 2016, at the conclusion of which Pace was found guilty as charged.  The trial court imposed a sentence of sixty-two days executed.  Pace now appeals.

## Discussion and Decision

[10]    When we review a claim challenging the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses.  *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016).  We consider only the probative evidence and reasonable inferences supporting the judgment.  *Horton v. State*, 51 N.E.3d 1154, 1157 (Ind. 2016).  A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.  *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015).  The fact-finder must determine whether the evidence sufficiently proves each element of the offense, and, on review, we consider conflicting evidence most favorably to the trial court's ruling.  *Id.*

[11]    In order to establish that Pace had committed criminal trespass as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that Pace, who had no contractual interest in Pfledderer's property, knowingly or intentionally entered that property after having been denied entry by Pfledderer

or his agent. Ind. Code § 35-43-2-2(b)(1). Here, the evidence most favorable to the judgment shows that Pace was ordered to vacate the property by midnight on July 22, 2014. Pace did not do so. However, on July 25, 2014, Pace, who no longer had permission to enter the property, did so and was found by the police inside the property. Pace and his brother were in possession of the Prejudgment Order of Possession of Real Property at that time. This evidence is sufficient to support Pace's conviction.

[12] Pace argues, nonetheless, that the State failed to prove the element that Pace entered the premises without Pfledderer's permission. In contradiction to Pfledderer's testimony, Pace claimed that Pfledderer had given him permission to enter the property after July 22, 2014, and that he did so by using the key he was issued upon signing the lease. He also emphasizes that he was cooperative with police upon their arrival at the property on July 25, 2014. These arguments are requests to reweigh the evidence and assess the credibility of the witnesses, tasks our standard of review precludes. *Suggs*, 51 N.E.3d at 1190.

## Conclusion

[13] In light of the foregoing, we affirm Pace's conviction.

[14] Affirmed.

Najam, J., and Brown, J., concur.