## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 05 2016, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth A. Johnson
Deborah Ball Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rebecca Lawson, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | October 5, 2016 <br><br> Court of Appeals Case No. 49A05-1603-CR-565 <br><br> Appeal from the Marion Superior Court. <br> The Honorable Linda Brown, Judge. <br> Cause No. 49G10-1511-CM-40204 |

**Shepard, Senior Judge**

[1]     Rebecca Lawson was convicted of one count of criminal mischief as a Class B misdemeanor. On appeal, she contends the evidence is insufficient to support her conviction. We affirm.

## Issue

The sole issue presented for our review is whether the evidence is sufficient to support Lawson's conviction given that a second individual was present at the scene of the crime.

## Facts and Procedural History

The evidence favorable to the judgment is as follows. On November 11, 2015, Deborah Hardin left her job and drove to her daughter's residence, arriving at about 1:20 a.m. Hardin's daughter, Simone Parrott, lived with her two children at the residence, and Hardin's son, Jason Parrott, was also at the house on that occasion. Hardin parked her 1999 Chevy Tahoe behind her daughter's house, near a security light.

At 2:30 a.m. or so, Simone was awakened by the sound of her dog barking. She and Hardin looked out the window toward the back yard and observed Lawson, who was wearing a dark blue sweatshirt and jeans, and another person in back of the house near Hardin's Chevy Tahoe. They then observed Lawson and the other person run from Hardin's vehicle to Lawson's own gray Kia parked in the alley and then drive away.

Simone and Hardin immediately went outside to examine the Tahoe. Although the tires were undamaged and fully inflated when Hardin drove from work to her daughter's house, all four tires were now slashed and flat.

[6] Hardin's son Jason had dated Lawson, but they broke up the day before Hardin's tires were slashed. The break up was not amicable.

[7] The State charged Lawson with one count of Class B misdemeanor criminal mischief.[1] After a bench trial, the court found Lawson guilty as charged. The trial court sentenced Lawson to 180 days in the Marion County Jail, with 176 days suspended. Lawson now appeals.

## Discussion and Decision

[8] When we review a claim such as Lawson's, challenging the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190 (Ind. 2016). We consider only the probative evidence and reasonable inferences supporting the judgment. *Horton v. State*, 51 N.E.3d 1154 (Ind. 2016). A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Willis v. State*, 27 N.E.3d 1065 (Ind. 2015).

[9] To establish that Lawson committed the offense, the State was required to establish beyond a reasonable doubt that Lawson recklessly, knowingly, or intentionally damaged or defaced Hardin's property without her consent. Ind. Code § 35-43-1-2(a). Because there were no witnesses who actually observed

---

[1] Ind. Code § 35-43-1-2(a) (2014).

Lawson slash Hardin's tires, the evidence presented was at least partly circumstantial. Lawson contends that there is reasonable doubt because another person was also present at the scene of the crime.

[10] When circumstantial evidence is used to establish guilt, the question on review is whether reasonable minds could reach the inferences drawn from the evidence. *Maxwell v. State*, 731 N.E.2d 459 (Ind. Ct. App. 2000), *trans. denied*. If so, the evidence is sufficient. *Id.* On review we do not determine whether the circumstantial evidence overcomes every reasonable hypothesis of innocence. *Id.* Instead, we determine whether inferences may be reasonably drawn from that evidence to support the conviction beyond a reasonable doubt. *Id.*

[11] Hardin testified that her vehicle was undamaged when she parked it behind her daughter's house after work. When she was awakened at 2:30 a.m., she observed Lawson and another person present near her vehicle and then run toward a car. The tires on Hardin's vehicle had been slashed and were deflated. Simone also observed Lawson outside her house near the Tahoe, and saw Lawson and another person run away toward a car. Jason saw the damage to his mother's vehicle and testified that he and Lawson had broken up the previous day.

[12] Inferences reasonably drawn from the evidence support the conviction beyond a reasonable doubt. The presence of a second, unknown individual at the scene does not render the inferences reasonably drawn from the evidence insufficient to support Lawson's conviction.

# Conclusion

[13]   In light of the foregoing, we affirm the trial court's judgment.

[14]   Affirmed.


Baker, J., and Robb, J., concur.