## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 29 2018, 10:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shawn Phillips,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 29, 2018

Court of Appeals Case No.
49A02-1709-CR-2102

Appeal from the Marion Superior Court

The Honorable Christina Klineman, Judge

Trial Court Cause No.
49G17-1707-CM-27920

**Altice, Judge.**

### Case Summary

[1] Shawn Phillips challenges his conviction for Class A misdemeanor domestic battery by bodily waste. He claims that the State presented insufficient evidence.

[2] We affirm.

## Facts and Procedural History

[3] On July 29, 2017, R.A. was living with and in a romantic relationship with Phillips. As R.A. prepared to go to a baseball game with others, Phillips informed R.A. that her mother sent a text message indicating that she was no longer going to the game. Phillips refused to let R.A. read the message. R.A. "brushed it off and continued getting ready." *Transcript* at 8.

[4] When Phillips then went outside, R.A. looked into the parking lot of the apartment complex from her second-floor balcony. She observed Phillips try to enter her locked car and then go to one of the tires and "start[] letting air out of it" to prevent her from leaving. *Id.* at 10. R.A. went back inside the apartment to finish getting ready and figure out how to leave. Phillips came into the bathroom and started urinating in the toilet less than three feet from her. He then turned toward R.A., looked directly at her, and urinated on her right side from her armpit down the whole side of her body for several seconds. Phillips then said, "You are no longer leaving. Now get in the shower." *Id.* at 11. Flustered, R.A. told Phillips he was disgusting and then grabbed dry clothes and went outside. R.A.'s mother was waiting in the parking lot and called the police.

Officer Corey Schnick with IMPD responded to the scene and spoke with R.A., who excitedly said, "He peed on me." *Id*. at 15. R.A. was wearing a dark shirt, and Officer Schnick observed, as R.A. pulled the shirt away from her body, that "the fabric from her shirt, on her right side, appeared to be heavier than the rest of her shirt." *Id*. at 17. He explained at trial that he could not see a difference in the color of the shirt but could tell it was wet "by the look of the, I guess how it was shaking in the breeze." *Id*. Phillips was arrested and charged the following day with domestic battery by bodily waste.

On August 23, 2017, a bench trial was held. Phillips testified briefly in his own defense, denying that he urinated on R.A. The trial court considered the conflicting evidence and determined that Phillips was guilty as charged.

## Discussion & Decision

Phillips contends that the evidence was insufficient to establish that he urinated on R.A. Specifically, he notes his denial and argues that the State presented no photographs of the shirt or the bathroom and no evidence regarding whether there was a urine odor on the shirt or urine on the bathroom floor. Phillips asserts: "This is the classic case of a vindictive girlfriend making a false accusation – a she said-he said matter." *Appellant's Brief* at 8.

When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the conviction. *Id*. We will affirm if there is

probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[9] We reject Phillips blatant request for us to reweigh the evidence and to judge R.A.'s credibility. Her testimony alone was sufficient to support the conviction. *See Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012) ("A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim.").

[10] Judgment affirmed.

Najam, J. and Robb, J., concur.