

FILED

Apr 28 2016, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT
P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

---

# In the
# Indiana Supreme Court

No. 02S03-1508-CR-510

LEONARD L. SUGGS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Allen Superior Court, No. 02D06-1408-F6-90
The Honorable Wendy W. Davis, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 02A03-1412-CR-440

**April 28, 2016**

**Rucker, Justice.**

The question presented is whether the sister of a brother who was once married to the defendant's aunt is a "family or household member" within the meaning of the statute elevating misdemeanor battery to a level 6 felony. We think not.

**Facts and Procedural History**

On the evening of August 2, 2014, Leonard L. Suggs and his girlfriend, Evelyn Garrett, attended a family reunion at a bowling alley in Allen County. Suggs and Garrett were dating and had lived together in an intimate relationship for about two years. Family members attending the reunion included ten to twenty children under the age of sixteen. Also in attendance was Vera Warren whose brother had been previously married to Suggs' aunt. Suggs has known Warren all his life and refers to her as "Auntie."

At some point during the course of the evening Suggs and Garrett became engaged in a verbal altercation. Despite the intervention of several family members and the assistant manager of the bowling alley Suggs refused to leave. The altercation escalated and Suggs threw a beer can at Garrett that missed; he then picked up a bowling ball and threw it at her. The bowling ball grazed Garrett and hit Warren on the left side of her head, which she later testified caused her pain. Warren immediately left the building and called 911. In the meantime Suggs grabbed Garrett by the hair and pulled her down a flight of stairs.

Officers of the Fort Wayne Police Department arrived on the scene a short time thereafter and spoke with Garrett and two of the children who had observed the fracas. The children were extremely upset by what they had seen.

On August 7, 2014 the State charged Suggs with domestic battery as a level 6 felony for his assault on Garrett and battery as a level 6 felony for his assault on Warren. Following a jury trial on October 8, 2014 Suggs was found guilty as charged. Thereafter the trial court sentenced him to two years for each conviction to be served consecutively for an aggregate term of four years with credit for time served in pretrial confinement. Suggs appealed challenging the sufficiency of the evidence for both convictions. Rejecting Suggs' challenge the Court of

2

Appeals affirmed the judgment of the trial court.  See Suggs v. State, 31 N.E.3d 998 (Ind. Ct. App. 2015).  Having previously granted transfer we now reverse the judgment of the trial court with respect to Suggs' level 6 battery conviction.  In all other respects we summarily affirm the opinion of the Court of Appeals.  See Ind. App. R. 58(A).

**Discussion**

Indiana Code section 35-42-2-1 provides in relevant part, "a person who knowingly or intentionally: (1) touches another person in a rude, insolent, or angry manner . . . commits battery, a Class B misdemeanor[,]" which is elevated to a class A misdemeanor "if it results in bodily injury to any other person."  Ind. Code § 35-42-2-1(b), (c).[1]  The statute further provides:

> [Battery] is a Level 6 felony if . . . [t]he offense is committed against a family or household member (as defined in IC 35-31.5-2-128) if the person who committed the offense: (A) is at least eighteen (18) years of age; and (B) committed the offense in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense.

I.C. § 35-42-2-1(d)(6).  Challenging the sufficiency of the evidence Suggs does not dispute he was at least eighteen years of age at the time of the offense, nor does he contest that the battery occurred in the physical presence of a child less than sixteen years of age or that he knew the child was present and might be able to see or hear the offense.  Rather he complains the evidence is insufficient to demonstrate that Warren was a "family or household member" within the meaning of Indiana Code section 35-31.5-2-128.

When we review a claim challenging the sufficiency of the evidence we neither reweigh the evidence nor assess the credibility of the witnesses.  Treadway v. State, 924 N.E.2d 621, 639 (Ind. 2010).  Instead, we consider only the evidence and reasonable inferences drawn therefrom that support the verdict.  Id.  And we will affirm the conviction if there is probative evidence

---

[1] "'Bodily injury' means any impairment of physical condition, including physical pain."  I.C. § 35-31.5-2-29.

from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id.

Captioned "Family or household member" Indiana Code section 35-31.5-2-128 dictates in pertinent part:

(a) An individual is a "family or household member" of another person if the individual:
(1) is a current or former spouse of the other person;
(2) is dating or has dated the other person;
(3) is or was engaged in a sexual relationship with the other person;
*(4) is related by blood or adoption to the other person;*
*(5) is or was related by marriage to the other person;*
(6) has or previously had an established legal relationship:
(A) as a guardian of the other person;
(B) as a ward of the other person;
(C) as a custodian of the other person;
(D) as a foster parent of the other person; or
(E) in a capacity with respect to the other person similar to those listed in clauses (A) through (D); or
(7) has a child in common with the other person.

I.C. § 35-31.5-2-128(a) (emphasis added). Focusing on subsections (a)(4) and (5) Suggs insists that Warren is neither his "blood relative" nor is she related by marriage to him. Br. of Appellant at 9. According to Suggs, a relative by marriage connotes "Brother-in-law," "Sister-in-law," "Mother-in-law," "Son-in-law," and "Daughter-in-law," and that Warren does not fall within any of these categories. Id. at 11. The State counters, "[t]he statute appears to define 'family or household member' in broad terms to capture as many types of familial and household relationships as possible, and, while the statute provides that an individual who is related by blood to the other person is a family or household member, other types of relationships are also clearly protected." Br. of Appellee at 10-11.

As is apparent by the arguments of both sides we are presented with a question of statutory construction which is a matter of law and is reviewed *de novo*. When construing a statute our primary goal is to ascertain the legislature's intent. Adams v. State, 960 N.E.2d 793, 798 (Ind. 2012). To discern that intent, we look first to the statutory language itself and give

4

effect to the plain and ordinary meaning of statutory terms. Pierce v. State, 29 N.E.3d 1258, 1265 (Ind. 2015). "If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning." State v. Evans, 810 N.E.2d 335, 337 (Ind. 2004) (quotation omitted). However, if a statute admits of more than one interpretation, then it is ambiguous; and we thus resort to rules of statutory interpretation so as to give effect to the legislature's intent. Adams, 960 N.E.2d at 798. "For example, we read the statute as whole, avoiding excessive reliance on a strict, literal meaning or the selective reading of individual words." Id. And we seek to give a practical application of the statute by construing it in a way that favors public convenience and avoids an absurdity, hardship, or injustice. Merritt v. State, 829 N.E.2d 472, 475 (Ind. 2005). Further, criminal statutes must be strictly construed against the State, and "may not be enlarged beyond the fair meaning of the language used . . . ." Yao v. State, 975 N.E.2d 1273, 1279 (Ind. 2012) (internal citation omitted).

We have no doubt the "Family or household Member" statute contemplates the inclusion of in-laws. See, e.g., City of Las Vegas v. Eighth Jud. Dist. Ct. ex rel. Cty. of Clark, 188 P.3d 55, 58-59 (Nev. 2008) (analyzing a similar statute and noting, it "plainly includes mothers-in-law, fathers-in-law, sisters-in-law, and brothers-in-law" based in part on the fact that "a person of ordinary intelligence would interpret the phrase 'related by blood or marriage' to include a person's direct in-laws"). But that is not to say the statute is limited to in-laws only. Indeed we agree with the State's contention that the statute appears to define family or household member in broad terms. However, if literally construed the term "related by marriage" would encompass not only the attenuated relationship between Warren and Suggs, but it would also include even far more attenuated relationships as well, say for example, the aunts and uncles of second cousins three times removed.

We are not persuaded that by use of the term "related by marriage" the legislature intended to include an infinite variety of relationships whose only connection is a marriage or series of marriages identified somewhere on the remote branches of a family tree. The statute is thus ambiguous in that it admits of more than one interpretation. We therefore seek to give a practical application to the meaning of the statute by construing it in a way that avoids absurdity. See Merritt, 829 N.E.2d at 475.

"Related by marriage" is commonly referred to as affinity, which is defined as "the connection existing in consequence of marriage between each of the married persons and the kindred of the other. It is distinguished from consanguinity, which denotes relationship by blood." Tegarden v. Phillips, 42 N.E. 549, 551 (Ind. App. 1895). The Court of Appeals has elaborated, "a husband is related by affinity to all the [blood relatives] of his wife and *vice versa* the wife to the husband's [blood relatives]; for the husband and wife being considered one flesh, those who are related to the one by blood are related to the other by affinity." White v. State, 756 N.E.2d 1057, 1060-61 (Ind. Ct. App. 2001) (quotation omitted); see also Black's Law Dictionary 1480 (10th ed. 2014) (defining "relative by affinity" and explaining: "Based on the theory that marriage makes two people one, the relatives of each spouse become the other spouse's relatives by affinity.").

Nonetheless a relationship by affinity is not unlimited, hence the maxim "*affinis mei affinis non est mihi affinis* . . . . A relative of my relative by marriage is not my relative." Ballentine's Law Dictionary with Pronunciations 45 (3d ed. 1969); accord John Trayner, Latin Phrases and Maxims: Collected from the Institutional and other Writers on Scotch Law; with Translations and Illustrations 22 (Edinburgh, William Paterson 1861) (writing that "Affinitas affinitatis" translates as "Affinity of affinity" and explaining: "This constitutes no relationship. The brother of a husband is no way thereby related to the sister of the wife."). Further, "[t]here is no affinity between the blood relatives of one spouse and the blood relatives of the other. A husband is related by affinity to his wife's brother, but not to the wife of his wife's brother. There is no affinity between the husband's brother and the wife's sister." 2 Charles E. Torcia, Wharton's Criminal Law § 242 at 573 (15th ed. 1994) (footnotes omitted); see also White, 756 N.E.2d at 1061 (noting "the [blood relatives] of the husband are not at all related to the [blood relatives] of the wife" (citation omitted)).

It appears to us that rather than extending the scope of "related by marriage" to an infinite configuration of marital relationships the legislature intended instead to employ the term in its commonly understood meaning namely, related by "affinity." As applied to the facts here, we

6

assume for the sake of discussion that Suggs' aunt is his mother's sister.[2]  Suggs is obviously related by blood to his mother and his mother's sister.  As for Warren, although she is related by blood to her own brother and related by affinity to her brother's wife (the sister of Suggs' mother), she is not related by blood or affinity to Suggs.  And this is so because Suggs is the blood relative of one spouse—his mother's sister—and Warren is the blood relative of the other spouse—her own brother.  "There is no affinity between the blood relatives of one spouse and the blood relatives of the other."  2 Wharton's Criminal Law § 242 at 573.

In essence, the evidence is not sufficient to show that Suggs is related to Warren by marriage as the term is used in Indiana Code section 35-31.5-2-128.  Accordingly, Warren is not a family or household member within the meaning of the statute elevating misdemeanor battery to a level 6 felony.

**Conclusion**

We reverse Suggs' conviction for battery as a level 6 felony and remand this cause to the trial court with instructions to enter judgment on battery as a class A misdemeanor and to resentence accordingly.

Rush, C.J., and Dickson, David and Massa, JJ., concur.

---

[2] The record is silent concerning the way in which Suggs' aunt is so classified.  There are at least two possibilities:  (1) she is the sister of either Suggs' mother or father, or (2) she is married to the brother of either Suggs' mother or father.  However, this silence does not affect our analysis.