## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 15 2016, 6:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael G. Moore
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Trevis Stokes, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 15, 2016 <br><br> Court of Appeals Case No. <br> 49A04-1604-CR-852 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Jose D. Salinas, Judge <br><br> The Honorable John M. Christ, Commissioner <br><br> Trial Court Cause No. <br> 49G14-1407-F6-36165 |

**Mathias, Judge.**

[1] Trevis Stokes ("Stokes") was convicted in Marion Superior Court of Level 6 felony resisting law enforcement with a vehicle and of being a habitual offender. Stokes appeals his resisting law enforcement conviction and argues that the evidence is insufficient to prove that he fled from the officer.

[2] We affirm.

## Facts and Procedural History

[3] On July 17, 2014, at approximately 1:00 p.m., Indiana State Trooper Gregory Magee observed a pickup truck in the left, northbound lane of Arlington Avenue in Indianapolis approaching the intersection with 56th Street. The pickup truck was in the left-turn lane, but without signaling, proceeded to cross the northbound lane of traffic on Arlington Avenue and turn right onto 56th Street. Because the pickup truck made an illegal turn, Trooper Magee turned right onto 56th Street to follow the pickup truck.

[4] The trooper turned on his lights immediately and followed the pickup truck on 56th Street. No other vehicles were between the two cars. The trooper saw two males in the vehicle. Both males started looking at the mirrors of the pickup truck, and the truck started to move onto the right of the roadway toward the curb. However, the truck failed to stop and returned to the center of the right lane. As the pickup truck continued eastbound on 56th Street, it would slow and drift toward the curb of the roadway but would then resume a normal rate of speed.

[5] As Trooper Magee continued to follow the vehicle with his emergency lights and sirens activated, he saw a plastic bag thrown from the passenger side window that appeared to contain a white rock-like substance. The vehicle continued eastbound on 56th Street approaching the entrance to Interstate 465. Magee was concerned that the driver would continue onto the interstate and a high-speed pursuit would ensue. Tr. p. 44. Therefore, the trooper sped up, passed the pickup truck in the left lane, and parked his vehicle on the roadway in front of the pickup truck. In total, the pickup truck continued eastbound on 56th Street for nearly one minute over a distance of eight blocks before Trooper Magee forced the vehicle to come to a stop. Tr. p. 51.

[6] The trooper exited his vehicle, ordered the two occupants of the pickup truck to put their hands up, and drew his weapon for officer safety. He then opened the driver's side door of the pickup truck, removed the driver, later identified as Stokes, and handcuffed him. An assisting officer arrived at that point, approached the passenger side of the vehicle, removed the passenger from the pickup truck, and placed him in handcuffs as well. Both Stokes and his passenger were placed under arrest.

[7] The assisting officer proceeded to the area where the plastic bag had been thrown from the pickup truck. The bag contained a substance that was later identified as 1.22 grams of cocaine. Tr. p. 85. The passenger admitted that the cocaine belonged to him. Tr. p. 118.

[8] On July 21, 2014, the State charged Stokes with Level 6 felony possession of cocaine and Level 6 felony resisting law enforcement with a vehicle. The State also alleged that Stokes was a habitual offender. A jury trial was held on September 28, 2015. Stokes was acquitted of the possession charge but was found guilty of Level 6 felony resisting law enforcement. He then stipulated that he was a habitual offender. He was ordered to serve 730 days in the Department of Correction with 724 days suspended to probation. The trial court ordered him to serve an additional two years on home detention through Marion County Community Corrections for the habitual offender adjudication.

[9] Stokes now appeals his resisting law enforcement conviction.

## Discussion and Decision

[10] Stokes argues that the State failed to present sufficient evidence that he resisted law enforcement with a vehicle.

> When we review a claim challenging the sufficiency of the evidence we neither reweigh the evidence nor assess the credibility of the witnesses. Instead, we consider only the evidence and reasonable inferences drawn therefrom that support the verdict. And we will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt.

*Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016) (citing *Treadway v. State*, 924 N.E.2d 621, 639 (Ind. 2010)).

[11] To convict Stokes of Level 6 felony resisting law enforcement with a vehicle, the State was required to prove that Stokes "did knowingly flee from Gregory Magee, a law enforcement officer with the Indiana State Police, after said officer identified himself by visible or audible means and visibly or audibly ordered said defendant to stop and in committing said act the defendant used a vehicle." Appellant's App. p. 19; *see also* Ind. Code § 35-44.1-3-1(a)(3). Stokes argues that the State failed to prove that he fled from the officer after the officer ordered him to stop.

[12] Our court recently stated that the determination of whether a person knowingly fled from an officer is a factual determination best left to a jury after considering a myriad of facts, specifically:

> how long the driver continued, the speed, the use of hazard lights, the location, the weather, the surroundings, the presence of bystanders, the availability of places to stop, the credibility of witnesses, etc. *Juries are uniquely positioned to decide whether a driver was unnecessarily increasing the burden on police officers, or whether a driver was taking reasonable steps that common sense would dictate*.

*Cowans v. State*, 53 N.E.3d 540, 546 (Ind. Ct. App. 2016) (emphasis added). Moreover, our court proposed that a jury instruction defining the word "flee" in a resisting law enforcement prosecution "would explain that a person who is attempting to escape police, or attempting to unnecessarily prolong the time before he stopped, would be fleeing." *Id*.

[13] In this case, on a sunny July afternoon, on a roadway with minimal traffic, Trooper Magee pulled his vehicle behind Stokes's vehicle and activated his

emergency lights after witnessing Stokes make an illegal turn. The trooper observed that the two occupants in the pickup truck were looking into the truck's mirrors, and it is reasonable to conclude that they saw the trooper's flashing lights. Yet, Stokes continued to drive even after the trooper activated his siren as well. Stokes's passenger threw a bag containing cocaine out of the passenger window, and Stokes continued to drive toward the entrance ramp to Interstate 465.

[14] Stokes did not give any indication that he intended to stop his vehicle. After following Stokes's pickup truck for nearly a minute over a distance of approximately eight blocks, Trooper Magee believed that Stokes intended to continue onto Interstate 465. Therefore, he sped his vehicle past Stokes's pickup truck and parked his vehicle in the roadway, blocking Stokes's path. As a result, Stokes either had to stop his pickup truck or hit the passenger side of the trooper's marked police vehicle. Trooper Magee testified that his attempt to stop Stokes using his emergency lights and sirens continued for an abnormally long period of time compared to a normal traffic stop in similar conditions. Tr. p. 52.

[15] From this evidence, the jury could reasonably conclude that Stokes fled from Trooper Magee. We therefore affirm his conviction for Level 6 felony resisting law enforcement with a vehicle.

[16] Affirmed.

Robb, J., and Brown, J., concur.