## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 22 2017, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Edward Williams,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 22, 2017

Court of Appeals Case No.
49A05-1608-CR-1919

Appeal from the Marion Superior Court

The Honorable David M. Hooper, Magistrate

Trial Court Cause No.
49G12-1506-CM-22606

**Mathias, Judge.**

[1] John Edward Williams ("Williams") was convicted in Marion Superior Court of Class B misdemeanor criminal recklessness. Williams appeals his conviction and argues that the State failed to prove that his acts were reckless.

[2] We affirm.

## Facts and Procedural History

[3] On or about June 26, 2015, Williams reported that his girlfriend's 1985 tan-colored Pontiac Parisienne had been stolen. On June 28, 2015, Williams observed what he believed to be the stolen vehicle traveling southbound on Interstate 65. He began to follow the vehicle, which was driven by Trent Wilson ("Wilson"). Wilson's girlfriend was in the passenger seat, and his two young nephews were in the back seat.

[4] Wilson exited the interstate onto Raymond Street and proceeded west toward Shelby Street. He observed that Williams's vehicle was still following him closely. Wilson stopped that the intersection of Raymond and Shelby Streets and planned to turn north onto Shelby Street. Wilson stopped at the intersection to allow a fire truck to pass. His vehicle was then hit from behind by Williams's vehicle.

[5] Wilson began to pull over to check for damage to his car when Williams struck his vehicle again. Williams used his vehicle to push Wilson's vehicle down the street approximately ten yards and up onto the curb. Damage to Wilson's vehicle included a bent front driver's side tire rim, a crack in the hood, and broken tail lights.

[6] Indianapolis Metropolitan Police Department Officer Jennifer Asher ("Officer Asher") was on duty near the 2100 block of Shelby Street. Williams waved Officer Asher down and reported that Wilson's vehicle was the vehicle that Williams had reported stolen two days prior. Williams gave Officer Asher the stolen vehicle's title and told her that he rear-ended the vehicle to get it to stop. Tr. pp. 14, 22. The officer checked the VIN numbers of Wilson's vehicle and the vehicle described on Williams' title, but the numbers did not match.

[7] Officer Asher told Williams that he was mistaken and Wilson's vehicle was not the one that had been reported stolen. Williams asked if he could apologize to the driver and explained that Wilson's car looked just like the stolen vehicle.

[8] The next day, Williams was charged with Class B misdemeanor criminal recklessness. Williams was found guilty as charged at a bench trial held on July 28, 2016. He was sentenced to time served and ordered to complete forty hours of community service. Williams now appeals.

## Standard of Review

[9] Williams argues that the State failed to present sufficient evidence to prove that he committed Class B misdemeanor criminal recklessness.

> When we review a claim challenging the sufficiency of the evidence we neither reweigh the evidence nor assess the credibility of the witnesses. Instead, we consider only the evidence and reasonable inferences drawn therefrom that support the [judgment]. And we will affirm the conviction if there is probative evidence from which [the fact-finder] could have found the defendant guilty beyond a reasonable doubt.

*Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016) (citing *Treadway v. State*, 924 N.E.2d 621, 639 (Ind. 2010)).

## Discussion and Decision

[10] To convict Williams of Class B misdemeanor criminal recklessness, the State was required to prove that Williams recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to another person. *See* Ind. Code § 35-42-2-2. The State specifically alleged that Williams' reckless, knowing, or intentional act of striking Wilson's vehicle created a substantial risk of bodily injury to Wilson. Appellant's App. p. 16.

[11] Relying on his own testimony at trial, Williams argues that the State failed to prove that he acted recklessly. He claims that he accidentally struck Wilson's vehicle and specifically that "the impact occurred as he was looking over his right shoulder for the police officer he had seen at the intersection." Appellant's Br. at 8 (citing tr. pp. 38-39).

[12] "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind. Code § 35-41-2-2. Rear-ending another vehicle is generally negligent conduct that our courts will not consider a criminally reckless act. *Cf. Clancy v. State*, 829 N.E.2d 203, 207 (Ind. Ct. App. 2005) (observing that "proof that an automobile accident 'arose out of the inadvertence, lack of attention, forgetfulness or thoughtfulness of the driver of a vehicle, or from an error of

judgment on his part,' is not sufficient evidence of recklessness"), *trans. denied* (citation omitted).

[13] However, in this case, the State presented evidence that Williams deliberately struck Wilson's vehicle so that the vehicle would come to a stop. When he struck Wilson's vehicle a second time, he pushed the vehicle almost ten yards and up over the curb. Williams then told Wilson that Wilson's vehicle was his and had been stolen. Tr. p. 29. Damages to Wilson's vehicle included a bent front driver's side tire rim, a crack in the hood of the car, and broken taillights.

[14] Williams challenges the credibility of the State's evidence and requests that we credit his testimony that his acts were merely negligent. It is more than well-settled that our court will not reweigh the evidence or credibility of the witnesses. *See Suggs*, 51 N.E.3d at 1193. For these reasons, we conclude that the State presented sufficient evidence that Williams acted recklessly. We therefore affirm his conviction for Class B misdemeanor criminal recklessness.

[15] Affirmed.

Baker, J., and Pyle, J., concur.