## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 02 2018, 5:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Moyad M. Dannon,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 2, 2018<br><br>Court of Appeals Case No.<br>49A05-1709-CR-2030<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable David Certo, Judge<br><br>The Honorable Dylan Vigh, Judge<br>Pro Tem<br><br>Trial Court Cause No.<br>49G12-1608-CM-31277 |

**Altice, Judge.**

## Case Summary

[1] Moyad Dannon appeals his conviction for conversion, a Class A misdemeanor. He claims that the State failed to present sufficient evidence regarding his intent.

[2] We affirm.

## Facts & Procedural History

[3] On the evening of April 26, 2016, Dannon entered the Von Maur store at Castleton Mall with his brother and two other men. The group began browsing in the men's concept department, which is a high theft area, and caught the attention of Donald Fague, the store's loss prevention manager. Fague notified an associate who then followed the group on the store's closed-circuit camera system.

[4] Dannon and one of his companions approached a table display that included white Lacoste baseball hats, which were exactly like the one Dannon was wearing except that his was old and dingy. His companion selected one of the new hats and discretely pulled off the price tag. Dannon then removed his hat from his head, folded it like the new one, and covertly traded it for the new one. Dannon placed the new hat on his head, while his companion put the old one back on the display table. They then walked away and rejoined the others. As the group walked through the store for several more minutes, Dannon stopped to look at himself in multiple mirrors while playing with his hair and adjusting the hat. He eventually passed all points of payment and left the store with the new hat on his head.

[5] Following a bench trial and the court's review of the store's surveillance video, Dannon was convicted of Class A misdemeanor conversion. On August 8, 2017, the trial court sentenced him to 180 days in jail and suspended the entire sentence. The court placed Dannon on nonreporting probation, which would terminate upon successful completion of a theft class.

## Discussion & Decision

[6] On appeal, Dannon argues that the State presented insufficient evidence to support his conviction. Dannon does not dispute that he exerted unauthorized control over the store's hat. Relying on his own testimony, Dannon claims only that he did not knowingly or intentionally do so because he believed the hat was his own. In other words, Dannon claims that he mistakenly confused the two hats and wore the wrong one out of the store.

[7] When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the conviction. *Id*. We will affirm if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id*.

[8] We reject Dannon's blatant invitation to reweigh the evidence and to judge his credibility. The State presented ample evidence to establish that Dannon knowingly or intentionally exerted unauthorized control over Von Maur's property when he wore the hat out of the store. *See* Ind. Code § 35-43-4-3(a)

(defining Class A misdemeanor conversion). The surveillance video shows the surreptitious behavior of both Dannon and his companion, who removed the price tag. Notably, Dannon took off his old, stained hat, folded it like the new one, and then carefully and secretly exchanged his hat for the new one. Thereafter, on more than one occasion, Dannon looked at himself in a mirror and adjusted the unstained, brand new hat on his head before leaving the store without paying for it.

[9] Dannon's intent to exert unauthorized control over the hat can be reasonably inferred from the video evidence, and the trial court was not required to credit Dannon's contrary testimony. *See Moore v. State*, 27 N.E.3d 749, 755-56 (Ind. 2015) (it is the trier of fact's role to resolve conflicts in the evidence and to decide whether to believe or disbelieve witnesses). Indeed, the trial court indicated that it reviewed the video several times and that it "felt the video was dispositive of the issue." *Transcript* at 69. We agree with the trial court.

[10] Judgment affirmed.

May, J. and Vaidik, C.J., concur.