## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 02 2018, 8:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Houdek
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Xavia Fox, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | April 2, 2018 <br><br> Court of Appeals Case No. 49A04-1709-CR-2183 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Linda E. Brown <br><br> The Honorable Steven J. Rubick Judge Pro Tempore <br><br> Trial Court Cause No. 49G10-1603-CM-11213 |

**Altice, Judge.**

## Case Summary

[1] Xavia Fox appeals her convictions for driving while suspended and operating a motor vehicle having never received a license. Both counts were elevated to Class A misdemeanors based on prior convictions. On appeal, Fox claims that the State failed to present sufficient evidence to establish the prior convictions.

[2] We affirm in part, reverse in part, and remand.

## Facts & Procedural History

[3] Late in the evening on March 20, 2016, Fox was driving while suspended and had never received a valid driver's license. She drove her mother's vehicle into three vehicles parked alongside the street. Occupants of a nearby residence heard the crash and ran outside. As police were being called, Fox got out of the vehicle and left on foot. Shortly thereafter, Fox was discovered by police at her mother's home. Fox admitted hitting "several vehicles" and "continuously apologized to her mom for wrecking her car." *Transcript* at 22, 24. One of the responding officers then discovered that Fox did not have a license to drive.

[4] On March 24, 2016, the State charged Fox with one count each of Class A misdemeanor driving while suspended (Count I) and Class A misdemeanor operating without ever receiving a license (Count II) and three counts of Class B misdemeanor leaving the scene of an accident (Count III, IV, and V). The case proceeded to a bench trial on August 25, 2017, and Fox was convicted as

charged on Counts I, II, III, and V.[1]  The trial court sentenced her to 365 days each on Counts I and II and 180 days each on Counts III and V.  The sentences were ordered to be served concurrently, with all but 60 days suspended to probation.  Fox appeals her convictions on Counts I and II only.

### Discussion & Decision

[5]  On appeal, Fox acknowledges that she drove her mother's vehicle on the night in question without ever having a license and while she was suspended.  Her claim is simply that the State failed to present evidence of the prior convictions alleged in support of the enhancements for Counts I and II.

[6]  When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses.  *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016).  Instead, we consider only the evidence and reasonable inferences supporting the conviction.  *Id*.  We will affirm if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.  *Id*.

[7]  Ind. Code § 9-24-19-2 provides:

>  An individual who:
>
>>  (1) knows that the individual's driving privileges, driver's license, or permit is suspended or revoked; and

---

[1]  Count IV was dismissed pursuant to Ind. Trial Rule 41(B).

> (2) operates a motor vehicle upon a highway less than ten (10) years after the date on which judgment was entered against the individual for a prior unrelated violation of section 1 of this chapter, this section, IC 9-1-4-52 (repealed July 1, 1991), or IC 9-24-18-5(a) (repealed July 1, 2000);
>
> commits a Class A misdemeanor.

This offense is elevated from a Class A infraction provided in I.C. § 9-24-19-1 based upon the prior violation. Similarly, under I.C. § 9-24-18-1, the offense of operating having never received a license is elevated from a Class C misdemeanor to a Class A misdemeanor if the defendant "has a prior unrelated conviction under this section."

[8]  At trial, the State submitted into evidence, as Exhibit 1, a certified copy of Indiana's official driver record for Fox. Pursuant to I.C. § 9-30-3-15, the State used this record from the Indiana Bureau of Motor Vehicles to establish prima facie evidence of Fox's prior driving-related convictions.[2] This document indicates that on June 28, 2012, Fox was convicted of Class A misdemeanor driving while suspended with a prior within ten years. Thus, Fox had a conviction under I.C. § 9-24-19-2 less than ten years before she committed the instant offense of driving while suspended with a prior. The State presented sufficient evidence to support Fox's conviction on Count I.

---

[2] Pursuant to I.C. § 9-30-3-15, "the relevant portions of a certified computer printout or electronic copy made from the records of the bureau are admissible as prima facie evidence of the prior conviction."

[9] With respect to Count II, the State properly concedes that Exhibit 1 does not show a prior conviction for operating having never received a license. Because the evidence was insufficient in this regard, we remand for the trial court to vacate the Class A misdemeanor conviction on Count II and enter judgment on the lesser included offense of Class C misdemeanor operating having never received a license.

[10] Judgment affirmed in part, reversed in part, and remanded.

Najam, J. and Robb, J., concur.