## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 18 2018, 10:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew M. Kubacki
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Manuel Garcia,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 18, 2018<br><br>Court of Appeals Case No.<br>49A05-1710-CR-2277<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy M. Jones, Judge<br><br>The Honorable David Hooper, Magistrate<br><br>Trial Court Cause No.<br>49G08-1611-CM-44430 |

**Altice, Judge.**

## Case Summary

Following a bench trial, Manual Garcia was convicted of operating a vehicle with an alcohol concentration equivalent (ACE) of at least .08 but less than .15, a Class C misdemeanor, and driving while suspended, a civil infraction. On appeal, Garcia argues that the State presented insufficient evidence to support his operating conviction.

We affirm.

## Facts & Procedural History

At approximately 3:11 a.m. on November 12, 2016, IMPD Officer Duran Brown was dispatched to the scene of a single vehicle accident in the 2200 block of south Meridian Street. When he arrived at the scene less than ten minutes later, Officer Brown observed a vehicle that had crashed into a light pole and had significant damage. He made contact with the driver, later identified as Garcia, to ascertain whether Garcia was injured. The fire department and medics arrived at the scene less than five minutes after Officer Brown. Garcia was extricated from the car and placed in an ambulance to be taken to the hospital for treatment of his injuries. When Officer Brown spoke with Garcia after he was placed in the ambulance, he noted an odor of alcoholic beverage on Garcia's breath and that Garcia had red, glassy eyes.

Another officer at the scene read Garcia his Miranda warnings, and Garcia stated that he understood. When questioned, Garcia stated that he had been at

a friend's house and had consumed alcoholic beverages that evening and that he had consumed his last drink at approximately 2:00 a.m. A portable breath test was administered to Garcia, after which Officer Brown read to him Indiana's implied consent law, which he followed up with a description of the implied consent law in layman's terms. Garcia stated that he understood and consented to a blood draw, which was performed at Eskenazi Hospital by a registered nurse at approximately 4:17 a.m. The results of the chemical test were analyzed by the Marion County Crime Lab and indicated an ACE of .105 grams per one hundred milliliters of blood tested.

[5] On November 16, 2016, the State charged Garcia with Count I, operating a vehicle while intoxicated endangering a person, a Class A misdemeanor; Count II, operating a vehicle with an ACE of .08 or greater, a Class C misdemeanor; and Count III, driving while suspended, a civil infraction. A bench trial was held on September 8, 2017. At the conclusion of the evidence, the trial court granted Garcia's motion for a directed verdict as to Count I and found Garcia guilty of Counts II and III. Garcia now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[6] To convict Garcia of operating with an unlawful blood-alcohol concentration, the State was required to prove that his ACE was .08 or higher at the time he operated a vehicle. *See* Ind. Code § 9-30-5-1(a)(1). Provided that the State presented evidence to establish that a certified chemical test was administered

within three hours after the arresting officer had probable cause to believe the person operated the vehicle while intoxicated, the trier of fact is entitled to presume that the defendant's ACE equaled the result of the chemical test. In challenging the sufficiency of the evidence in support of his conviction under Count II, Garcia argues that the State was not entitled to rely on the statutory presumption because the State failed to establish that his blood test was administered within three hours of the accident.

[7] When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the conviction. *Id*. We will affirm the conviction if there is probative evidence from which a the trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id*.

[8] Ind. Code § 9-30-6-15(b) provides:

> If, in a prosecution for an offense under IC 9-30-5, evidence establishes that:
>
> > (1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and
> >
> > (2) the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per:

(A) one hundred (100) milliliters of the person's
blood at the time the test sample was taken; or

(B) two hundred ten (210) liters of the person's
breath;

the trier of fact shall presume that the person charged with the
offense had an alcohol concentration equivalent to at least eight-
hundredths (0.08) gram of alcohol per one hundred (100)
milliliters of the person's blood . . . at the time the person
operated the vehicle. However, this presumption is rebuttable.

The chemical test administered "must be administered within three (3) hours
after the law enforcement officer had probable cause to believe the person
committed an offense under IC 9-30-5." I.C. § 9-30-6-2(c).

[9] Garcia's argument that the State did not prove that the blood test was
administered within three hours of the accident is simply a request to reweigh
the evidence, a task this court will not undertake on appeal. Here, the State
presented evidence that Garcia admitted to having been at a friend's house and
to having had his last alcoholic drink at about 2:00 a.m. Officer Brown was
dispatched to the accident scene at 3:11 a.m., where he found Garcia trapped in
his vehicle. The blood draw was performed at 4:17 a.m. From this evidence, a
reasonable inference can be drawn that Garcia had been at one location and
that he had to have driven his vehicle to then wreck it into a utility pole.
Officer Brown found Garcia trapped in his vehicle about an hour after Garcia
admitted to having had his last drink. About an hour after that, Garcia had his
blood drawn. This is sufficient circumstantial evidence that Garcia operated his

vehicle within the statutory presumption's three-hour limit. The trier of fact was therefore entitled to rely on the presumption that Garcia operated his vehicle with an ACE of .105 as indicated by the results of the blood test.

[10] Judgment affirmed.

[11] Najam, J. and Robb, J., concur.