# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Ellen M. O'Connor
Indianapolis, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian Franklin, | October 10, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CR-966 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Alicia A. Gooden, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 49G21-1706-F4-23873 |

**Altice, Judge.**

## Case Summary

[1] Brian Franklin appeals his conviction for Level 4 felony unlawful possession of a firearm by a serious violent felon. His sole argument is that the State failed to present sufficient evidence that he possessed the firearm in question.

[2] We affirm.

## Facts & Procedural History

[3] On the afternoon of June 26, 2017, Harry Watkins was in his Indianapolis home with his wife, their two young children, and his brother Chris, who all lived with Watkins. Franklin, who was Watkins's nephew, came to the home looking for a ride. He eventually stayed to visit and had dinner with the family. After dinner, Franklin went onto the front porch to smoke a cigarette.

[4] Franklin had an active warrant for his arrest, and Sergeant Alex Nuetzel with the Marion County Sheriff's Office was tasked that evening with apprehending Franklin. Sergeant Nuetzel was driving an unmarked black Dodge Charger when he saw Franklin on Watkins's front porch. Franklin noticed the vehicle and immediately put his hand over his face to avoid being detected. Franklin then quickly stood up, ran into the house, and slammed the front door, as Sergeant Nuetzel and another officer yelled, "stop, it's police, don't run in the house, don't close the door." *Transcript* at 37. Another officer secured the back of the house, while Sergeant Nuetzel and others approached the front. After abruptly entering the house, Franklin ran past his family members and toward the back of the house.

[5] Watkins went out the front door to speak with the police, as his wife took care of the children and Chris stood inside the door holding onto the family's very large dog that would not calm down. Watkins identified Franklin as the man who had just entered the house, and the officers indicated that they had a warrant for Franklin's arrest. Watkins immediately allowed the officers into the home to search for Franklin. Additionally, Watkins accurately informed them of the location of his own guns, all but one of which were stored in gun safes. The other was a 9 mm pistol in a holster on the top of a tall dresser in his room, out of reach of the children. Officers secured both exits, as Watkins's wife and children came out the front door and Chris went out the back door with the dog. The officers then allowed Chris to bring the dog around to the front yard, while the search inside the house continued.

[6] Officers entered the home and cleared the main two floors. Watkins's guns were located in the areas that he had described inside the home. Additionally, a Springfield XD 40 semi-automatic pistol was discovered inside a clothes dryer. The dryer was located just inside a utility room in the back of the house and directly across from the entrance to the basement, which was about three to five feet away. The door to the utility room generally remained open.

[7] A K-9 officer was brought in to search the basement when officers could not locate Franklin elsewhere in the house. The K-9 discovered Franklin in a crawl space in the basement, and Franklin was placed under arrest. He had small amounts of Xanax and heroin in the pocket of his sweatpants. Franklin was a serious violent felon (SVF) and not permitted to possess a firearm.

On June 28, 2017, the State charged Franklin with Level 4 felony possession of a firearm by a SVF (Count I), Level 5 felony possession of a narcotic drug (Count II), and Level 6 felony possession of a controlled substance (Count III). Franklin waived his right to a jury trial, and the bench trial was held on February 26, 2018. Franklin testified in his own defense and denied possessing the pistol or placing it in the dryer on the way to the basement. The trial court found Franklin guilty as charged. At the sentencing hearing on March 23, 2018, the trial court reduced Count II to a Level 6 felony and Count III to a Class A misdemeanor, apparently due to double jeopardy concerns. The trial court sentenced Franklin to twelve years executed in prison for Count I and one year for each of Counts II and III. Counts II and III were ordered to be served concurrent to each other and consecutive to Count I. Franklin now appeals, challenging only his conviction for Count I.

## Discussion & Decision

Franklin contends that the State failed to present sufficient evidence that he committed possession of a firearm by a SVF. He does not dispute that he is a SVF, only that he possessed the gun found in the dryer at Watkins's residence.

When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the conviction. *Id*. We will affirm if there is probative evidence from which a reasonable trier of fact could have found the

defendant guilty beyond a reasonable doubt. *Id.* The evidence need not overcome every reasonable hypothesis of innocence. *Craig v. State*, 730 N.E.2d 1262, 1266 (Ind. 2000). It is enough that an inference may be drawn from the circumstantial evidence that supports the conviction. *Id.*

[11] Franklin argues that no one saw him with a gun on the day in question and that he was not seen placing anything in the dryer before fleeing to the basement. He also notes that Chris exited the rear of the house with the dog after the police arrived and was, therefore, near the dryer prior to the gun being discovered.[1] Additionally, Franklin queries why he would have only put the gun in the dryer and not also the drugs in his pocket. All of these arguments were made to the trial court.

[12] After hearing the evidence, including Franklin's denial, the trial court found him guilty of possession of a firearm by a SVF. Specifically, the trial court noted that it was unpersuaded by the argument that the gun might have belonged to Chris. The court continued, "I think there's one reasonable interpretation out of the evidence, and that is that Mr. Franklin did possess the firearm prior to escaping to the basement." *Transcript* at 71.

[13] The evidence establishes that, while visiting his family, Franklin was aware that there was an active warrant out for his arrest. When he believed he had been spotted by the police while on the front porch, he covered his face and quickly

---

[1] Chris did not testify at the bench trial and was not subpoenaed by Franklin.

entered the home as the officers yelled for him to stop. After entering and slamming the front door, Franklin ran past his family members in the front room and toward the back of the house. Watkins immediately dealt with the officers and granted them permission to search the home. During this time, Chris held onto the family's very large dog, which would not settle down during the commotion. The officers then cleared the home of occupants, with Watkins's wife and children leaving through the front door and Chris taking the dog out the back door. Officers were covering both the front and back of the house at the time. Thereafter, Franklin was discovered hiding in a crawl space in the basement. The evidence establishes that Franklin would have passed the open utility room and been within three feet of the dryer as he ran to the basement. The gun, which did not belong to Watkins, was found inside the dryer, an unusual location for a gun. Based on this evidence, the trial court could reasonably infer that Watkins possessed the gun and then quickly discarded it inside the dryer as he fled to the basement. We reject the invitation to reweigh the evidence, as sufficient evidence supports the conviction.

[14] Judgment affirmed.

Brown, J. and Tavitas, J., concur.