## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 08 2018, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Vincent M. Campiti
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David S. Willamowski,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 8, 2018

Court of Appeals Case No.
18A-CR-924

Appeal from the St. Joseph
Superior Court

The Honorable Jeffrey L. Sanford,
Judge

Trial Court Cause No.
71D03-1605-F4-19

**Altice, Judge.**

### Case Summary

[1] David S. Willamowski appeals his conviction for Level 4 felony child molesting. He contends the evidence was insufficient to support the conviction.

[2] We affirm.

### Facts & Procedural History

[3] On May 6, 2016, eleven-year-old E.L. spent the night at her friend T.W.'s home. Willamowski is T.W.'s father. That night, T.W.'s mother, older brother (D.W.), and D.W.'s friend (C.H.) were also at the home. At some point late that night, D.W. went to bed in his room, and T.W. fell asleep in a recliner in the living room. C.H. and E.L. remained in the living room on their individual electronic devices. Willamowski came downstairs and joined them in the living room. Eventually, C.H., E.L., and Willamowski were all seated on the couch. C.H. was at one end intently focused on the game he was playing on his device. E.L. was sitting between C.H. and Willamowski.

[4] While seated next to E.L., Willamowski began touching her leg. He rubbed his hand on the middle of her thigh, including both her top and inner thigh area. E.L. was wearing leggings. He then moved his hand upward until he reached her vagina. He continued "rubbing in a circular motion" for several minutes over her leggings. *Transcript* at 30. E.L. was scared and said nothing. Willamowski then lifted E.L. onto his lap, grabbed her left hand, and placed it on his thigh, squeezing her hand. He said, "Do you like that?" *Id.* at 31. He then continued "rubbing [her] vagina". *Id.* After a few more minutes, E.L. stood up and went upstairs to put on her pajamas.

[5] Although he had been focused on his game, C.H. saw E.L. on Willamowski's lap, saw him rubbing her leg near the top of her thigh, and heard him ask if she liked that. This made C.H. feel uncomfortable. C.H. moved to the other recliner after E.L. went upstairs to change.

[6] When E.L. returned downstairs, she asked C.H. if she could sleep on the recliner. He agreed and moved to the couch to sleep. T.W. was still asleep on the other recliner. Willamowski then stood up and said he was going up to bed. After a few minutes, E.L. began to cry, which woke up T.W. and C.H. She told T.W. about what had happened with Willamowski. T.W. was "scared and sad and she didn't believe it." *Id*. at 32. C.H. supported E.L. during this discussion. The three then went to sleep.

[7] On May 20, 2016, the State charged Willamowski with one count of child molesting as a Level 4 felony. The first trial ended in a mistrial due to a deadlocked jury. Following a second jury trial, which commenced on February 12, 2018, Willamowski was convicted as charged and sentenced to a six-year suspended sentence.

## Discussion & Decision

[8] On appeal, Willamowski challenges the sufficiency of the evidence. When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the conviction. *Id*. We will affirm if there is probative

evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* Further, "it is well settled that the uncorroborated testimony of the victim, even if the victim is a minor, is sufficient to sustain a conviction for child molesting." *Carter v. State*, 31 N.E.3d 17, 30 (Ind. Ct. App. 2015), *trans. denied*.

[9] To convict Willamowski of child molesting as charged, the State was required to prove beyond a reasonable doubt that Willamowski: 1) performed or submitted to fondling or touching of E.L.; 2) when E.L. was under the age of fourteen; 3) with the intent to arouse or satisfy the sexual desires of E.L. or Willamowski. *See* Ind. Code § 35-42-4-3(b). Touching alone, therefore, is not sufficient to constitute the crime of child molesting. *Bass v. State*, 947 N.E.2d 456, 460 (Ind. Ct. App. 2011), *trans. denied*. "The State must also prove beyond a reasonable doubt that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires." *Id.* This intent element may be established by circumstantial evidence and inferred from the defendant's conduct and the natural and usual sequence to which such conduct usually points. *Id.*

[10] Willamowski challenges only the intent element and argues that no credible evidence exists that his touching of E.L. was in an area where one could infer beyond a reasonable doubt that he was attempting to gratify anyone's sexual desires. He asserts that an "equally plausible inference" is that he was just innocently rubbing her thigh. *Appellant's Brief* at 15. Willamowski claims that E.L.'s testimony that he rubbed her vagina over her leggings is not trustworthy.

In this regard, he notes that C.H. only saw him rubbing her thigh when he looked up from his device, that neither C.H. nor E.L. observed Willamowski with an erection, that he made no demands of E.L during or after the touching, and that E.L. had changed her testimony regarding the extent of the vaginal rubbing.

[11] We reject Willamowski's blatant request for us to reweigh the evidence and judge witness credibility. Defense counsel presented each of these arguments to the jury, and the jury chose to find him guilty of child molesting. The verdict was supported by sufficient evidence. Indeed, E.L. testified that Willamowski began rubbing her thigh, including her inner thigh, while she sat next to him on the couch. Eventually, he moved his hand up her thigh and toward her vagina as he rubbed in a circular motion over her leggings. E.L., who was eleven years old at the time, said nothing to Willamowski because she was scared. After several minutes, he lifted her onto his lap and placed her left hand on his thigh. He asked her, "Do you like that?" *Transcript* at 31. He then resumed rubbing her vagina until E.L. stood up and went upstairs. E.L.'s testimony alone is sufficient to support the conviction. In addition to her testimony, C.H. testified that, despite being preoccupied with his device, he noticed E.L. on Willamowski's lap, saw Willamowski rubbing E.L.'s upper thigh, and heard the question posed. Additionally, T.W. was awakened by her crying friend after Willamowski went to bed, and E.L. told her about the touching. Based on all of this evidence, the jury could have reasonably inferred that Willamowski

rubbed E.L.'s vagina with the intent to arouse or satisfy his or E.L.'s sexual desires.

[12]    Judgment affirmed.

Brown, J. and Tavitas, J., concur.