## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 02 2019, 9:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Susan D. Rayl
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason Spears,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 2, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2091<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Lisa F. Borges, Judge<br><br>Trial Court Cause No.<br>49G04-1801-F3-531 |

**Altice, Judge.**

**Case Summary**

[1] Jason Spears appeals his conviction for Level 3 felony aggravated battery. He contends that the evidence was insufficient to support his conviction, which was based on the theory of accomplice liability.

[2] We affirm.

## Facts & Procedural History

[3] Briceson Roller lived with Spears, as well as Spears's wife and sister, during the spring and summer of 2017. Spears and Roller were good friends but eventually had a falling out. Around September or October of that year, Roller was told to leave. Roller packed up his things that night and went to live with his girlfriend, Alexandrea Caudill, and her parents, Jason and Darla Lynn.

[4] Thereafter, Spears messaged multiple threats to Roller because he believed Roller owed unpaid rent money. Spears harassed Roller by "[d]riving real slow" past the Lynns' home in his truck "bumping music trying to be intimidating." *Transcript* at 101.

[5] On the morning of Sunday, November 19, 2017, Spears kept messaging Roller about wanting to fight. Specifically, Spears told Roller that he would "[b]eat [Roller's] ass." *Id*. Roller repeatedly asked to be left alone but eventually relented and responded, "Just come on and do it, whatever." *Id*. Around 10:00 a.m., Spears and two of his friends, David Battles and Robbie Lyons, arrived at the Lynns' home in Spears's truck. Spears and Battles exited the truck, and Lyons remained inside.

[6] Caudill went outside when she heard her dog barking and saw Spears and Battles in her front lawn. Spears was holding a wooden bat. Both Spears and Battles threatened Caudill as she repeatedly told them to leave. Spears warned that he was going to "beat [her] ass" and "beat [Roller's] ass." *Id*. at 36. Spears came closer and continued to argue with Caudill. He went to hit Caudill, but Roller came out of the house, stepped in between the two, and took the blow instead. Spears struck Roller with the bat on his right temple. The two men then began to fight, and Spears dropped the bat. While they were wrestling on the ground, Roller saw Battles by the truck holding a "one-handed sledge hammer" about a foot and a half long. *Id*. at 107. Eventually, Spears, who was much larger, picked up Roller and slammed him on top of a fire pit. The two continued to fight, as Battles egged on Spears, and Caudill and her mother yelled for them to leave.

[7] When it appeared that Roller might be gaining the upper hand, Battles moved in with the sledge hammer that he had gotten from Spears's truck. He came up behind Roller, who was bent over wrestling, and struck him hard in the back of the head with the hammer. Roller stumbled to the ground, with his head wound spewing blood, and Spears proceeded to kick Roller a couple times.

[8] Around this time, Caudill's parents, Jason and Darla, armed themselves with a shotgun and a 9-millimeter handgun and stood on the front porch, ordering the men off their property. Lyons warned Spears and Battles from the truck about the guns. Battles responded, "No one's going to shoot. They're a bunch of pussy's [sic]. They will not shoot." *Id*. at 123. Roller was moving to the porch

for safety as Battles and Spears continued to approach.  At some point, Battles pulled back to strike Roller again with the hammer, and Caudill stepped between them.  Jason "ratcheted [his] "9 millimeter", and Battles and Spears backed up to the truck, yelled a few more profanities, and then sped off in the truck.  *Id.* at 166.

[9]     Roller suffered significant head trauma from the blow to the back of his head.  He lost a lot of blood and went in and out of consciousness waiting for the ambulance to arrive.  The laceration on the back of his head required twelve staples, and he had a knot on the side of his head from being hit with the bat.  Roller continues to suffer from memory loss and severe headaches as a result.

[10]    Following a jury trial in July 2018, Spears was convicted of Level 3 felony aggravated battery and Level 5 felony intimidation.[1]  On August 8, 2018, the trial court sentenced him to concurrent sentences of ten years for aggravated battery and one year for intimidation.  The court ordered eight years executed in prison and two years in community corrections.  Spears now appeals, challenging only his conviction for aggravated battery.

## Discussion & Decision

[11]    On appeal, Spears contends that the State failed to present sufficient evidence to support his aggravated battery conviction.  He correctly observes that this count

---

[1] The jury also found Spears guilty of battery by means of a deadly weapon, a Level 5 felony, but the trial court vacated that count on double jeopardy grounds.

was based on the blow to Roller's head by the sledge hammer, which was performed by Battles. Thus, Spears's conviction was based on the theory of accomplice liability. Spears asserts that he had no reason to know or foresee that Battles would retrieve a sledge hammer from the truck and strike Roller, as the fight was between Spears and Roller and Battles had no quarrel with Roller.

[12] When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the conviction. *Id*. We will affirm if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id*.

[13] The accomplice liability statute provides that a person who "knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense". Ind. Code § 35-41-2-4. Thus, a person who aids another in the commission of a crime is just as guilty as the actual perpetrator. *Anthony v. State*, 56 N.E.3d 705, 714 (Ind. Ct. App. 2016), *trans. denied*. An accomplice is "criminally responsible for everything which follows incidentally in the execution of the common design, as one of its natural and probable consequences, even though it was not intended as part of the original design or common plan." *Id*. (quoting *Griffin v. State*, 16 N.E.3d 997, 1003 (Ind. Ct. App. 2014)).

[14] The particular facts and circumstances of each case are considered to determine whether a person participated in the offense as an accomplice. *Id*. "Each participant must knowingly or intentionally associate himself with the criminal venture, participate in it, and try to make it succeed." *Id*. (quoting *Griffin*, 16 N.E.3d at 1003-1004). "In determining whether there was sufficient evidence for purposes of accomplice liability, we consider such factors as the defendant's presence at the scene of the crime; companionship with another at the scene of the crime; failure to oppose commission of the crime; and course of conduct before, during, and after occurrence of the crime." *Id*.

[15] Here, the evidence favorable to the conviction establishes that Spears and Battles came to the Lynns' residence that Sunday morning looking for a fight. Both men exited the truck and angrily confronted Caudill, with Spears indicating that he was going to beat Caudill's ass, along with Roller's. Spears's threats were made while wielding a wooden bat. Spears then struck Roller in the temple with the bat when Roller intervened. Thereafter, Spears and Roller began to brawl, with Battles nearby and encouraging Spears. At some point, Battles grabbed a sledge hammer from Spears's truck and entered the fight. He struck Roller in the head with the hammer and then Spears stood up and kicked Roller, who had fallen to the ground. Battles attempted to strike Roller again but was stopped by Caudill and her armed parents. Battles and Spears then sped off together in Spears's truck.

[16] The State sufficiently established that Spears knowingly or intentionally aided, induced, or caused Battles to commit the aggravated battery. Spears voluntarily

came to the scene with Battles intending to batter Roller. Both Spears and Battles were armed with weapons that were transported in Spears's truck. At no point did Spears oppose Battles's actions at the scene or attempt to aid Roller. Rather, Spears kicked Roller when he was down, and both Spears and Battles continued to pursue Roller until stopped by Caudill and the Lynns, at which time Spears and Battles fled the scene together. Spears and Battles clearly worked in concert before, during, and after the crime. The jury acted reasonably in rejecting Spears's argument regarding accomplice liability.

[17] Judgment affirmed.

Kirsch, J. and Vaidik, C.J., concur.