## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2018, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Currant Barnes,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 19, 2018<br><br>Court of Appeals Case No.<br>49A02-1711-CR-2542<br><br>Appeal from the Marion Superior Court<br><br>The Honorable David Certo, Judge<br><br>The Honorable David Hooper, Magistrate<br><br>Trial Court Cause No.<br>49G12-1707-CM-24972 |

**Altice, Judge.**

### Case Summary

Currant Barnes appeals his conviction for Class B misdemeanor possession of marijuana. His sole claim is that the evidence is insufficient to support the conviction.

We affirm.

## Facts & Procedural History

On July 6, 2017, IMPD Officer Kari Pennington was on bike patrol in a downtown Indianapolis park. As she rode through the park in full police uniform, Officer Pennington observed Barnes sitting alone at a picnic table holding something in his hands above the table. The two made eye contact when Officer Pennington was about fifteen feet away, and Barnes immediately dropped something. Officer Pennington then turned toward Barnes, who began scraping something from the table into his right hand. Officer Pennington quickly got off her bike and placed Barnes's hands behind his back. She then removed loose marijuana from Barnes's right hand. Officer Pennington also observed a small amount of loose marijuana on the picnic table, Barnes's lap, and the ground. Additionally, there was an unsmoked marijuana blunt on the ground right beside Barnes where she had observed him drop something.

Officer Pennington placed Barnes in handcuffs, and Barnes immediately stated that it was just marijuana and that he had no criminal history. Barnes was yelling and adamant that he should not be arrested. Officer Pennington verified that Barnes did not have any criminal history but explained that there's a zero-tolerance policy in the city parks.

[5] The State charged Barnes with Class B misdemeanor possession of marijuana. At a bench trial on October 5, 2017, at which Officer Pennington and Barnes testified, the trial court found Barnes guilty as charged and sentenced him to time served (180 days in jail with 176 days suspended) and 40 hours of community service.

## Discussion & Decision

[6] On appeal, Barnes relies on his own testimony, which directly contradicted Officer Pennington's testimony, and asserts, "[a]t most, he may have had a fleeting possession of a small quantity of vegetation that he found on top of the picnic table and attempted to blow away." *Appellant's Brief* at 6. Barnes acknowledges on appeal that loose bits of marijuana were found in his hand, on the table, in his lap, and on the ground, but he argues that Officer Pennington never saw the blunt in his hands or discovered anything on his person during the subsequent pat down.

[7] When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the conviction. *Id*. We will affirm if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id*.

[8] To obtain a conviction, the State was required to prove that Barnes knowingly or intentionally possessed (pure or adulterated) marijuana. *See* Ind. Code § 35-

48-4-11(a)(1). The evidence established that Barnes had loose marijuana in his hand, on the table top where he was sitting, and on his lap. Additionally, loose marijuana was found on the ground next to him along with an unsmoked marijuana blunt. The blunt was in the same location that Officer Pennington had just observed Barnes drop something before she approached him. Further, upon being placed in handcuffs, Barnes pleaded with Officer Pennington not to arrest him because it was only marijuana and he had no criminal history. The evidence presented by the State amply supports the conviction for possession of marijuana.

[9] Judgment affirmed.

Najam, J. and Robb, J., concur.